7 W   300
21 SC  363

# Hepburn *against* Curts.

The legislature, provided it does not violate the constitutional prohibitions, may pass retrospective laws, such as in their operation may affect suits pending, and give to a party a remedy which he did not previously possess, or modify an existing remedy, or remove an impediment in the way of recovering redress by legal proceedings.

ERROR to the common pleas of *Lycoming* county.

Samuel Hepburn and Baker Langcake trading in the name of Hepburn, Langcake & Co. against John Curts, Samuel Hepburn and James Hepburn trading in the name of Curts, Hepburn & Co. Summons in case.

This was an action of *assumpsit* brought in August 1834, by Samuel Hepburn and Baker Langcake, lately trading under the firm of Hepburn, Langcake & Co., against John Curts, Samuel Hepburn and James Hepburn, lately trading under the firm of Curts, Hepburn & Co. The declaration contained counts for work and labour, goods sold and delivered, and the common money counts, and a count for use and occupation of a farm with a sawmill and forge thereon, for the term of one year, of the value of 1500 dollars. The defendants pleaded *non assumpsit*, with leave, &c., and set off. The cause was arbitrated, and an award made for plaintiffs for 1502 dollars and 15 cents; the arbitrators stating, they did not take into view any inequality of investment which might have existed between the different parties. The defendants appealed, and the cause was tried by jury in September 1837. On the trial, the defendants objected, that the action could not be maintained, because Samuel Hepburn plaintiff was the same person as Samuel Hepburn defendant. The plaintiffs admitted he was the same person, but contended that, under the pleadings, the defendants could not take advantage of the state of the parties, and that, to prevent failure of justice, this suit might be maintained in Pennsylvania. But the court below (Lewis, President) instructed the jury, that the objection was valid, and that the action could not be sustained, and sealed a bill of exceptions. The jury gave a verdict for the defendants, and the plaintiffs took out this writ of error.

After these proceedings, the legislature of Pennsylvania, by the first section of the act of the 14th of April 1838, enacted, that no action now pending on a writ of error or otherwise, or hereafter to be brought by partners or several persons, against partners or several persons, shall abate, or the right of such partners or several persons to sustain such action be defeated, by reason of one or more indi-

viduals being or having been members of both firms, or having been of the parties plaintiffs, and also of the parties defendants in the same suit; nor shall the judgment rendered therein, if still pending on a writ of error, be affirmed against the right of such plaintiff or plaintiffs to sustain such action; nor reversed for the purpose of defeating such right; but the same shall proceed to trial and judgment as though the parties plaintiffs and defendants were separate and distinct parties. And the acts and declarations of the partner or person so being of both the parties plaintiffs and defendants shall be evidence to affect each party respectively, in like manner and to the same extent, as the acts and declarations of the other partners or persons plaintiffs and defendants would affect the respective firms or parties; *provided*, that no act or declaration of the parties shall be given in evidence in his own favour to the prejudice of the others.

*Armstrong* and *Anthony*, for plaintiffs in error.
*Parsons* and *Greenough*, for defendants in error.

The opinion of the Court was delivered by

SERGEANT, J.—It is unnecessary now for the court to decide on the points assigned as errors in the charge of the court below by the plaintiffs, because we are of opinion that this act of assembly applies expressly to the present case, and makes it imperative on us to remit the suit back to the court of common pleas for trial and judgment. The suit was pending on a writ of error. The objection to the plaintiffs' right to sustain their action is that mentioned in the act, that one of the partners, Samuel Hepburn, is both plaintiff and defendant, in a suit brought by him and his partner in one firm, against himself and his partners in another firm. The act of the legislature removes this objection, and authorizes and directs the courts to sustain the action as well in pending cases as in future ones. It thus furnishes a remedy where none existed before; and does so, in pending cases, without divesting any right, impairing any contract, or exercising any *ex post facto* legislation in the judicial sense of these words of the constitution. The legislature, provided it does not violate the constitutional prohibitions, may pass retrospective laws, such as in their operation may affect suits pending, and give to a party a remedy which he did not previously possess, or modify an existing remedy, or remove an impediment in the way of recovering redress by legal proceedings. Here the rights of the parties are not touched; but an objection existed arising out of the nature of an action at common law which interposed a bar to the trial of right—an objection which a court of equity does not allow to prevail, but, by means of the greater freedom and flexibility of its process, calls all parties before it and renders complete justice. This objection the legislature removes, and authorizes a court of common law, by the ordinary common law process, to entertain the suit and to do justice between the parties: the method which in this state we have frequently been compelled to

VII.—2 A*

employ for want of courts of equity, sometimes by the legislative enactment, and sometimes by an amplification of the jurisdiction of the courts, in order to incorporate equity principles and equity relief into our system as far as possible. In pursuance therefore of the directions of this act of the legislature, this cause must be remitted to the court below, that they may proceed according to its provisions to trial and judgment, as though the parties, plaintiffs and defendants, were separate and distinct parties.

Decree accordingly.