## Case No. 5,755.

### GREEN et al. v. COLLINS.

[3 Cliff. 494.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1871.

ACTIONS ON CONTRACTS—ILLEGALITY—KNOWLEDGE OF VENDOR—LIQUORS.

1. The general rule is, that in an action to recover the price of goods sold, it is no defence that the vendor knew that they were purchased to be sold in another jurisdiction in violation of the law of that jurisdiction, provided it was not part of the contract that they should be used for that purpose, and provided also that the vendor neither did nor agreed to do anything in aid or furtherance of the unlawful design, beyond the mere sale with knowledge of the intent of the purchaser.

[Cited in Graves v. Johnson, 156 Mass. 213, 30 N. E. 818. Followed in Hill v. Spear, 50 N. H. 278.]

2. Contracts in evasion of fraud of the laws of any state are invalid in our courts.

3. If it forms part of the contract that the seller shall do some act in furtherance of the illegal intention of sale by the vendee, such as concealing by packing the liquors, then the seller is a participant in the illegal transaction, and cannot enforce recovery.

[Cited in Tyler v. Carlisle, 79 Me. 212, 9 Atl. 356; Anheuser-Busch Brewing Ass'n v. Mason, 44 Minn. 321, 46 N. W. 558.]

4. The vendor must yield no other aid to the intended illegal sale than the act of selling and delivery. If the vendor takes part in the adventure, he cannot recover.

5. Sale in Rhode Island of liquors to be carried into the state of Massachusetts, of which vendor was aware. In the absence of anything on the part of vendor, except mere knowledge of the vendee's intention to sell the goods in Massachusetts, that sale was valid, and seller could recover in this court in Massachusetts, the sale being valid in Rhode Island, notwith-

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

standing a statute in Massachusetts providing that no action should be maintained in any court of the state for the price of liquor sold in any other state for the purpose of being brought into this state.

[Cited in Almy v. Greene, 13 R. I. 353.]

The plaintiffs [William H. Green and others] were citizens of the state of Rhode Island, doing business at Providence in that state, and the defendant [Bernard Collins] was a citizen of this commonwealth, doing business at Milford in this district. On the 20th of May, 1867, he purchased a bill of liquors of the plaintiffs, valued at $2289.62, and he having neglected and refused to pay for the same, the plaintiffs, on the 13th of February, 1868, brought an action of assumpsit against him in the circuit court for this district to recover the amount. Service having been made, the defendant appeared and pleaded the general issue. Evidence was introduced by the plaintiffs, tending to show that the defendant purchased the liquors of the plaintiffs at the time and place alleged in the declaration, on a credit of thirty days, and that the plaintiffs shipped the same to Woonsocket in that state, by order of the defendant. They were importers and wholesale dealers in liquors, and the proofs showed that they were duly licensed, and that the sale was valid by the laws of the state where it was made. Much testimony was introduced by the parties, which is not important to notice, as the only questions involved were presented in the refusal of the court to instruct the jury as requested by the defendant. Three prayers for instruction were presented by the defendant, which were in substance and effect as follows: (1) That the sale of the liquors in this case as made by the plaintiffs was a void sale; that the plaintiffs could not recover if the sale was made in violation of chapter 86, § 61, Gen. St. Mass., or with the understanding, on the part of the plaintiff and the defendant, that the liquors were purchased by the defendant for the purpose of re-selling the same in this state. in violation of the laws thereof. (2) That the repeal of that provision since the commencement of the suit did not deprive the defendant of the defence to which he was entitled at the time the suit was commenced. (3) If the liquors were sold upon the understanding that they were to be sold here in violation of any law of the state, the plaintiffs are not entitled to recover, although the law may have been repealed since the commencement of the suit.

Caleb Blodgett, Jr., for plaintiff.

(1) The first part of the defendant's first prayer for instructions, ending with the words "eighty-sixth chapter of the General Statutes of this state," was properly refused, whether the ruling as to the effect of the repeal of the same chapter was correct or not. The contract was made in Rhode Island, and the sale was valid by the laws of that state. Such a sale is not prohibited by the statutes of this

state, and could not be. Bligh v. James, 5 Allen, 106. (2) The latter part of the first prayer and the second prayer are together substantially the same as the third, and all were properly refused, if the effect of 'the repeal of the statute is as the plaintiffs claim. "Any law," as used in the third prayer, must mean the eighty-sixth chapter of the General Statutes, which was the only law affecting the subject-matter of this suit at the time of the sale in Rhode Island, and also at the time the suit was commenced. If there is any defence to this suit it is given by section 61 of the chapter last named. and aside from this section, it is not true "that if the liquors were sold by the plaintiffs to the defendant upon the understanding that they were to be resold here in violation of law," the plaintiffs cannot recover. There must be something more than understanding or knowledge on the part of the plaintiff of the defendant's illegal design. Holman v. Johnson, 1 Cowp. 341; McIntyre v. Parks, 3 Metc. [Mass.] 207; Webster v. Munger, 8 Gray, 584.

Charles R. Train, for defendant.

The ruling of the court refusing the instructions prayed for was erroneous. The plaintiff undertook to enforce a contract made in Rhode Island, injurious to the public rights, offensive to the morals. contravening the policy, and violating the law of the state of Massachusetts, and such a contract cannot be enforced here, either in the state or federal courts. 2 Kent, Comm. (10th Ed.) 616; Story, Confl. Laws, § 253, and sub.; Webster v. Munger, 8 Gray, 584, and cases cited; Blanchard v. Russell, 13 Mass. 6; Greenwood v. Curtis, 6 Mass. 358; Powers v. Lynch, 3 Mass. 77; Pearsall v. Dwight, 2 Mass. 84. If the plaintiffs, when the contract was made, knew or understood that the liquors were purchased by the defendant with the intent to resell them in Massachusetts in violation of the law, and in contravention of the rights and policy of that state, the contract cannot be enforced. Webster v. Munger, 8 Gray, 584; Bligh v. James, 5 Allen, 106. If the contract was made upon the understanding of the parties that the same were designed to be resold in Massachusetts, then the sale was made with a view to such illegal design, and for the purpose of enabling the defendant to effect it, and if so, the contract cannot be enforced. Webster v. Munger, above cited; Merchants' Bank v. Spalding, 5 Seld. [9 N. Y.] 53; Foster v. Thurston. 11 Cush. 322, and cases cited in the opinion. The plaintiffs, having knowingly participated in a transaction intended to accomplish a purpose forbidden by law, cannot maintain this action. The case of McIntyre v. Parks, 3 Metc. [Mass.] 207, is not to be regarded as law since the case of Webster v. Munger, above cited. The revenue laws of the United States expressly recognize the law of the states regulating the traffic in intoxicating liquors. It is submitted that the case of Holman v. John-

son, 1 Cowp. 341, is authority only in cases affecting revenue laws, and does not conflict with the doctrine claimed by the defendant.

CLIFFORD, Circuit Justice. Errors of the court in improperly refusing to instruct the jury, as requested by either party, may be corrected on motion for new trial, as well as errors committed in rejecting proper testimony, or in admitting that which was improper, or in giving erroneous instructions to the jury. Certain prayers for instructions to the jury were presented in this case by the defendant, and the court refused to instruct the jury as he requested; and the verdict of the jury having been for the plaintiff, the defendant moved the court that it be set aside, and for a new trial, upon the ground that the prayers for instructions were improperly refused.

Provision was made by section 61, c. 86, Gen. St. Mass., that all payments or com-pensations for spirituous or intoxicating liquors sold in violation of law shall be held to have been received without consideration, and against law, equity, and good conscience. No action of any kind, it is also therein provided, shall be had or maintained in any court for the price of any liquors sold in any other state for the purpose of being brought into this commonwealth, to be here kept or sold in violation of law, under such circumstances that the vendor would have reasonable cause to believe that the purchaser entertained any such illegal purpose. Gen. St. Mass. p. 448. Whether the plaintiffs knew or had reasonable cause to believe that the defendant purchased the liquors with the intention of transporting the same into this state, "to be here kept or sold in violation of law," was a matter in issue between the parties at the trial, and there was some evidence introduced on both sides of the question. Strong doubts were entertained by the court whether the affirmative of the issue was proved; but it must be assumed, for the purpose of this investigation, that the evidence was sufficient to warrant the jury in finding the issue for the defendant. Conceded as the fact is, that the contract of sale and purchase was valid at the place where it was made, it is unnecessary to enter into any inquiry or discussion upon that subject; and the plaintiffs contend, inasmuch as the sale of the liquors was valid where it was made, that the evidence introduced by the defendant is not an answer to the action, even if it does show that they had knowledge at that time that he intended to remove the liquors into this state, to be kept and sold in violation of the law of the state. Both the manufacture for sale and the sale of spirituous or intoxicating liquor, or of mixed liquor, part of which was spirituous or intoxicating, were at that time prohibited in this state by section 28 of chapter 61 of the General Statutes of the state; and section 30 provided that whoever sold such liquor in violation of the provisions of that chapter should pay ten dollars for the first offence, and be imprisoned not less than twenty nor more than thirty days. Gen. St. Mass. p. 442. Such prohibition was also extended by section 37 of the act, to the bringing of any spirituous or intoxicating liquor into the state, or to the conveying the same from place to place within the state, with intent to sell the same, or have it sold by another, and the person who did those acts was declared to be liable to the prescribed penalty and punishment if he had reasonable cause to believe that the liquor was intended to be sold in violation of that chapter. Nothing of the kind was done by the plaintiffs, but the defendant contends that they are not entitled to any remedy in the circuit court, sitting in this district, because they knew, or had reasonable cause to believe, at the time they sold the liquors, that he, the defendant, intended to transport the same into the state, to be here kept and sold in violation of that enactment of the state legislature. Stated as above, the proposition is not in the precise language of the prayer for instruction; but it is not contended that the prayer for instruction meant anything more than the proposition, as the sale was an absolute one, and it is not pretended that there was any arrangement between the parties as to the place where the liquors should be sold.

Generally speaking, the validity of a contract is to be decided by the law of the place where it was made, unless it was agreed, either expressly or tacitly, that it should be performed in some other place, and then the general rule is that the contract, "as to its validity, nature, obligation, and interpretation, is to be governed by the law of the place of performance." Story, Confl. Laws, §§ 242, 280; U. S. Bank v. Donally, 8 Pet. [33 U. S.] 372; Wilcox v. Hunt, 13 Pet. [38 U. S.] 379; Andrews v. Pond, Id. 65; Don v. Lippmann, 5 Clark & F. 13; Fergusson v. Fyffe, 8 Clark & F. 121. Contracts valid by the law of the place where they are made are generally valid everywhere jure gentium, and by tacit assent. 2 Kent, Comm. (Ed. 1866) 454. Remedies, therefore, are the same whether the suit is brought in the district where the contract was made, or in another district of the same circuit, or in any other federal court having jurisdiction of the parties and of the subject-matter in controversy. Viewed in the light of these several suggestions, the principal question presented is whether the evidence which shows that the plaintiffs knew, or had reasonable cause to believe, that the defendant at the time of the sale, intended to transport the liquors into this state, to be here kept and sold in violation of the law of the state then in force and unrepealed at the time the suit was commenced, constituted a defence. Marked differences of opinion are observable in the determination of courts of justice in

cases where the facts were in most respects the same as in the case before the court; but the better opinion appears to be that the mere knowledge by the vendor that the vendee at the time of the purchase of property intends to use it for an illegal purpose will not, as a general rule, prevent the vendor from recovering from the vendee the value of the property.

Exceptional cases may arise in which a different rule must be applied, as where the property purchased is intended for treasonable purposes, or to commit murder, or to promote some other offence of such enormity, and so violative of the fundamental laws of society that silence on the part of the citizen is itself a crime, or would be evidence tending to show that the seller was an accessory before the fact to the commission of the offence. Many cases may doubtless be cited where it is held that a contract cannot be enforced which contemplates what the law forbids, whether the act forbidden be malum in se or only malum prohibitum, but those cases do not apply to a contract of sale which is valid by the law of the place where it is made, and where the only circumstance imputed as affecting its validity, is the mere fact that the seller knew, or had reason to believe, that the purchaser intended to remove the property purchased into another jurisdiction, and to sell it there in violation of the law of that jurisdiction. U. S. Bank v. Owens, 2 Pet. [27 U. S.] 527; Harris v. Runnels, 12 How. [53 U. S.] 79; Kennett v. Chambers, 14 How. [55 U. S.] 38.

Such exceptional cases may doubtless arise, but the general rule, and the one by which this case must be governed, is that in an action to recover the price of goods sold, it is no defence that the vendor knew that they were purchased to be sold in another jurisdiction, in violation of the law of that jurisdiction, provided it was not a part of the contract that they should be used for that purpose, and provided also that the vendor neither did nor agreed to do anything in aid or furtherance of the unlawful design, beyond the mere sale, with knowledge of the intent of the purchaser. Tracy v. Talmage, 14 N. Y. 167–210; Curtis v. Leavitt, 15 N. Y. 15–47. Contracts made in evasion or fraud of the laws of another state are invalid everywhere in our courts, as if a contract is made to transport spirituous or intoxicating liquors, not entitled to protection as an imported article, in the original package, from one state into another in violation of the laws of the latter state, every such contract is void, even in the state where it was made, whether the sale is there prohibited or not; but the mere knowledge of the illegal purpose for which the goods are purchased will not have any such effect upon the contract of sale, as between the purchaser and the seller. Story, Confl. Laws, § 253.

Sales under the circumstances last suggested, and contracts, are valid, but if it enters at all as an ingredient into the contract between the parties that the goods shall be so transported to another state, and there be sold in violation of the law of that state, or that the seller shall do some act to assist or facilitate the illegal intention of the purchaser, such as packing the liquors in a way to conceal their character, or any other act to promote the illegal design of the purchaser, then the seller will be deemed a participant in the illegal transaction, and the contract will not be enforced. Waymell v. Reed, 5 Term R. 599; Lightfoot v. Tenant, 1 Bos. & P. 551.

Participation of the vendor in the illegal design, as a general rule, renders the sale invalid as between the seller and purchaser, but that principle as exemplified in some of the cases, is extended quite as far as it ought to be carried, as, for example, it was held, in the case of Langton v. Hughes, 1 Maule & S. 593, that a person who sold drugs, well knowing that they were intended to be used in the brewing of beer, contrary to an act of parliament, might be said "to cause or procure, quantum illo, the drugs to be mixed," and used for that purpose. Much reason exists for supposing that the inference in that case was extended beyond what is authorized from the fact proved, but if not, then the decision was correct, because if it enters at all as an ingredient into the contract of sale that the seller shall do some act to assist or facilitate the illegal intention of the purchaser, the contract will not be enforced for his benefit. Public policy dictates that the law will not lend its aid to any party whose cause of action is founded upon an immoral or illegal act, and if the seller of goods, even in a state where the sale of such property is lawful, enters into an arrangement with the purchaser as an ingredient of the contract of sale, that he will assist or facilitate the purchaser in selling the same in another state in violation of the law of that state, such a sale, as a general rule, is thereby rendered invalid, subject to certain exceptions which it is not important to notice in this investigation. Where the contract of sale is complete, and the seller has nothing to do with the disposition which the purchaser intends to make of the goods, Lord Mansfield held that the mere knowledge on the part of the seller that the purchaser intended to export them for sale in violation of the laws of the country where they were to be transported, would not debar the seller of his right of action to recover the value of the goods of the purchaser. Holman v. Johnson, 1 Cowp. 341. Precisely the same point was ruled nearly forty years later in the case of Hodgson v. Temple, 5 Taunt. 181, where it was expressly held that a person who sells goods, knowing that the purchaser intends to apply them in an illegal trade, is nevertheless entitled to recover the price if he yields no other aid

to the illegal transaction than that of selling and delivering the goods.

Certain cases decided between those dates are sometimes referred to as sustaining a more stringent rule, but it is clear that they rest upon the qualification plainly admitted and explicitly annexed to the principle advanced in those two cases, that is, the seller of the goods yielded or rendered some other aid to the illegal transaction than that of selling the goods. Biggs v. Lawrence, 3 Term R. 454; Waymell v. Reed, 5 Term R. 599; Clugas v. Penaluna, 4 Term R. 466. Where the seller takes an actual part in the illegal adventure, as in packing the goods in prohibited parcels, he must take the consequences of his own act, but Lord Abinger held, in the case of Pellecat v. Angell, 2 Cromp., M. & R. 311, that "merely selling to a party who means to violate the laws of his own country" is not a bad contract. Exactly the same rule was laid down in the case of McIntyre v. Parks, 3 Metc. [Mass.] 207, where it was held that the sale of lottery-tickets made in another state, where the sale was lawful, to a citizen of this state, is a lawful transaction, although the seller knew that the purchaser intended to sell the same in this state, where the sale was prohibited. But if the illegal use to be made of the goods enters into the contract, and forms the motive or inducement in the mind of the vendor to the sale, he cannot recover the price, provided the goods are actually used to carry out the illegal design. Kreiss v. Seligman, 8 Barb. 439. The express ruling of the supreme court of this state, in the case of Dater v. Earl, 3 Gray, 482, was to the same effect, where it was held that a sale of goods in another state, the seller knowing but not participating in the intent to sell them again in violation of the laws of that state, will support an action in this state for the price. Equally explicit, also, is the rule laid down by the highest judicial authority of certain other states. The price of goods sold and delivered in a state where such sale is legal, say the court in Smith v. Godfrey, 8 Fost. [N. H.] 379, can be recovered in another state where such sale would be illegal if nothing remained to be done by the vendor to complete the transaction, and the seller is not in any way to be further connected with it; but if it be an ingredient in the contract that the goods shall be illegally sold, or that the seller shall do any act to assist or facilitate the illegal sale, or if the goods are to be delivered in the place where the sale is prohibited, the rule is otherwise. McConihe v. McMann, 27 Vt. 95; Backman v. Wright, Id. 187; Jameson v. Gregory, 4 Metc. (Ky.) 363. Cases very nearly allied, it must be admitted, have been differently decided, but if they are carefully examined and compared one with another, the particular features by which they were distinguished are, with few exceptions, plainly to be seen.

Expressions are certainly to be found in the opinion of the court in the case of Webster v. Munger, 8 Gray, 587, which warrant the conclusion that the organ of the court on that occasion was of the opinion that a sale made with the knowledge of the seller that the purchaser intended to use the thing sold in violation of law, was illegal, and irrespective of the question whether it was an ingredient of the contract that the goods should be so sold, or that the seller should do any act to assist or facilitate the intended illegal use or sale, but the expression of such views was not necessary to the discussion of the case, as the statement shows not merely that the plaintiff had knowledge of the illegal purpose of the defendant, but that he sold with reference to it, and for the purpose of enabling the purchaser to effect it; and the court here agrees with that court in the conclusion that the instructions given in that case, if viewed in that light, were "thoroughly sound in principle," and that they "do not conflict with the cases decided." Unless viewed in that light, the decision is directly opposed to the rule laid down in the case of Sortwell v. Hughes [Case No. 13,177], decided by Judge Curtis, and which is an authority in this circuit, and in the judgment of this court expresses the true rule upon the subject. Bligh v. James, 6 Allen, 572.

Reference is also made to the case of Cannan v. Bryce, 3 Barn. & Ald. 179, as opposed to that rule; but the court is of a different opinion, as the chief justice who gave the opinion says in express terms that he is speaking of a case wherein the means were furnished with a full knowledge of the object to which they were to be applied, and for "the express purpose of accomplishing that object." Even the price of goods furnished to facilitate an immoral object, it was at one time held, might be recovered of the purchaser, unless it appeared, among other things, that the seller expected to be paid from the profits of the immoral vocation; but since the decision in the case of Pearce v. Brooks, L. R. 1 Exch. 217, it must be regarded as well settled that no recovery can be had in such a case, if the goods were sold with knowledge of the use to which they were to be applied, and that they were furnished to facilitate that object. Bowry v. Bennet, 1 Camp. 349.

Articles, either of equipage or dress, sold or rented to a female keeping a house of ill fame for the purpose and of a character to enable her to make a display, will furnish no cause of action to the seller or lessor of the articles, as the act of supplying a female engaged in such immoral practices, would warrant a jury in finding that the articles were intended to facilitate the objects of her vocation. Sales under such circumstances may well be presumed to have been made with the intent to facilitate the objects of the purchaser, and if so, then the contract is clearly void, and it is upon that ground

that the decision of the court is placed. Different rules also have sometimes been applied in the construction of contracts made for the sale of goods in one country which are intended to be exported and sold in another in violation of the revenue laws of the latter country, but it is unnecessary to enter that field of inquiry, as there is nothing in the case to raise any such question. Suppose, however, that the legal conclusion here adopted cannot be sustained, still it is clear that the requested instructions were properly refused for other reasons, which will be briefly explained.

Unsupported by any legislative provision, the objection to the ruling of the court in refusing to give the instructions, would be without any foundation, but the argument is that the defence must prevail in this court because no such action could be maintained in the state court at the time this suit was commenced. Confessedly, no action of the kind could be maintained in the state court at that date, but the provision containing that prohibition on the 22d day of May, 1868, was unconditionally repealed, and consequently at the time of the trial there was no such prohibition in the state law as is supposed. Sess. Acts Mass. 1868, p. 115. By the docket entries it appears that the parties went to trial on the 4th of June, 1869, and the record shows that the verdict was rendered for the plaintiffs on the following day. Before considering the effect of that repeal it should be repeated that the sale in this case was made in the state of Rhode Island, and that such a sale was valid by the law of that state, as expressly decided by the supreme court of this state. Bligh v. James, 5 Allen, 106; Merchant v. Chapman, 4 Allen, 362. When a statute is repealed, the general rule is that it must be considered the same as if it had never existed, except as to such transactions as are past and closed, or such as are saved by the repealing statute. Surtees v. Ellison, 9 Barn. & C. 750, 4 Man. & R. 586; Key v. Goodwin, 4 Moore & P. 341. Authorities may certainly be cited which assert that the repeal of a prohibitory statute does not make valid a contract entered into in violation of the statute repealed, but that rule of law has no application to the case before the court, as the contract was made in a place where it was legal, and the only supposed obstacle to a recovery by the plaintiff is that clause of section 61 of chapter 86, which provided that no action should be maintained in any court of the state for the price of any liquor sold in any other state, for the purpose of being brought here under the circumstances therein described. Attempt is made in argument to bring the case within the rule laid down in Wright v. Oakley, 5 Metc. [Mass.] 406, but the attempt is a vain one, as more than a year elapsed after the repeal of the first provision before the second was enacted. Sess. Acts Mass. 1869, p. 724; Steamship Co. v. Joliffe, 2 Wall. [69 U. S.] 458. Certainly the power of the legislature to pass the repealing statute will not be questioned, as the defendant could not have any vested right to set up the defence that the plaintiff should not have a right of action to recover on a valid contract. Satterlee v. Matthewson, 2 Pet. [27 U. S.] 380; Watson v. Mercer, 8 Pet. [33 U. S.] 108; Welch v. Wadsworth, 30 Conn. 156; Cooley, Const. Lim. 293; Way v. Hillier. 16 Ohio, 107; Syracuse Bank v. Davis, 16 Barb. 190; Hepburn v. Curts, 7 Watts, 300; King v. Tirrell, 2 Gray, 331; Gerry v. Stoneham, 1 Allen, 320; Garfield v. Bemis, 2 Allen, 447. Satisfactory proof was introduced by the plaintiffs that they were duly licensed to sell such liquors at their place of business, and. it being conceded that the contract was valid at the place where it was made, it is clear that the provision in question, even if unrepealed, could not have any effect in the circuit court to defeat the plaintiffs' right of action in this case, as they are citizens of another state. Doubts may at one time have existed upon the subject, but it is now well settled that a state law cannot discharge or suspend the obligation of a contract made in another state, if it was legal where it was made and was a contract with a citizen of another state, not even if it was to be performed in the state whose law is invoked to defeat the remedy. Baldwin v. Bank of Newbury, 1 Wall. [68 U. S.] 236; Demeritt v. Exchange Bank [Case No. 3.780]; Hunt v. Danforth [Id. 6.887]; Suydam v. Broadnax, 14 Pet. [39 U. S.] 74; Union Bank v. Jolly, 18 How. [59 U. S.] 503; Watson v. Tarpley, Id. 520; Hyde v. Stone, 20 How. [61 U. S.] 175.

Contracts are to be construed and carried into effect according to the intention of the parties thereto, and they are presumed to contract with reference to the law of the place where they reside and transact business, unless a different intention is manifest from the terms which they employ. Judd v. Porter, 7 Greenl. 337. The law of the contract travels with it wherever the parties thereto are to be found. and into whatever forum resort is had for its enforcement. Motion for new trial overruled. Judgment on the verdict.

GREEN (COMMERCIAL BANK OF COMMERCE v.).    See Case No. 3.059.