JOSEPH H. ETHERIDGE and others *v.* MILFORD VERNOY.

Where the objections urged on a petition to rehear were not raised on a trial below, nor made in the case stated on the appeal and not argued upon the hearing in this Court, it is considered that every objection for want of proper parties had been waived or abandoned, and that the case was tried upon its merits.

The wife of a mortgagor has no such interest in the lands mortgaged, as make it necessary that she should be a party to a proceeding to foreclose the mortgage.

Generally, the heirs of a mortgagee are necessary parties to a bill to foreclose: This is not always so; as for instance, when the mortgagee assigns his interest in the mortgage, and the debt secured therein, leaves the State and dies insolvent, leaving in his heirs, who are non-residents, the dry, naked, legal title only, such heirs are not necessary parties to a proceeding to foreclose the mortgage.

Where a mortgagee dies, and a Court of Probate upon an *ex parte* application appoints a trustee under the act of 1869-'70, chap. 168, the irregularity of such proceeding is cured by the act of 1873-'74, chap. 127, sec. 2, undertaking to cure such appointments "confirming and making valid the same," &c.   The act of 1873-'74, chap. 127, sec. 2, although retrospective, is not unconstitutional in respect to the facts of this case.

(*Spivey* v. *Jenkins,* 1 Ired. Eq. 126 ; *Guion* v. *Melvin,* 69 N. C. Rep. 242, cited and approved.)

PETITION on the part of the defendants to rehear the decree made in this cause, see *Etheridge* v. *Vernoy,* 70 N. C. Rep., 713, at the last term of this Court.

The grounds of the petition are fully set forth in the opinion of the Court.

*Peebles, Barnes, Batchelor & Son,* for petitioner.
*Smith & Strong, Gilliam & Pruden,* contra.

BYNUM, J.   This case is before us upon a petition to rehear. When it was argued at the last term of the Court, 70 N. C., 713, the objections now urged were not raised or argued by the counsel of the defendant, nor were they made in the case stated on the appeal, and, finally, when the objections were

made in the answer and overruled, no appeal was taken. According to all the rules of pleading, every objection for want of proper parties had been waived or abandoned, and the case was tried upon its merits below, and on appeal, it was again reviewed carefully in all matters appealed from. If, therefore, the defendant has lost the benefit of any valid defence to the action, it is the result of his own negligence, and of the firm adherence on the part of the Court to the rules of practice and procedure established for its guidance, and without which there would be no end to litigation. Lord Coke says, " good matter must be taken advantage of in apt time, proper order and due form." But we will examine the grounds of the application to rehear :

1. The first is, that Martha Vernoy, the wife of the defendant, was not made a party. Lewis Y. Bond sold and conveyed the land to Vernoy in February, 1866, and to secure the purchase money, took a re-conveyance of the land in mortgage, which Martha, the wife of Vernoy, signed. Now if this mortgage had been executed, even since the act of 1868–'69, endowing widows as at common law, it was not necessary that the wife should join. Bat. Rev., ch. 35, sec. 30. Certainly then, her joinder in the deed, prior to that act, did not make the title of the mortgagee better than it was without it. She had no interest and could convey none. We have been referred to *Mills* v. *Voorhees,* 20 N. Y., 412, as establishing that the wife has an interest and is a necessary party in a bill to foreclose the mortgage. We are not informed of, nor does that case disclose, the statute law of that State upon the subject of dower, but when we have a positive statute making the mortgage good without her joinder, it cannot be an open question in this State. But if there was no such statute as that making mortgages good, without the joinder of the wife, when it is made to secure the purchase money of land acquired since the new law of dower ; it has ever been held in North Carolina that the husband has the absolute dominion over his land during his life, and can alien it without the consent of his wife,

and the purchaser thereof under execution acquires a good title against her and all the world. Martha Vernoy was, therefore, not a necessary party to the action.

2. Upon the death of Bond, his heirs were necessary parties to the action. The mortgage was made to Bond and his heirs, and upon his death, of course the legal title vested in them, and generally the heirs of the mortgagee are necessary parties to a bill to foreclose. Adams 312, but it is not always so. Adams Eq., 321, 1 Ired. Eq., 126.

If, for instance, a necessity is shown and sufficient parties are before the Court to protect and represent each conflicting interest. *Vose* v. *Philbrook*, 3 Story, 336 ; 7 Beav., 301, 303. So where persons interested are out of the jurisdiction of the Court, and that fact appears in the pleadings and at the hearing, their appearance will be dispensed with. *Spivey* v. *Jenkins*, 1 Ired. Eq., 126 ; 3 Cranch, 220. *Walworth* v. *Holt*, 4 M. and C., 619. And this may be done by a rule of Court. Rule No. 47, U. S. Courts in Eq. The facts of our case upon this point are, that Bond sold the land to Vernoy, taking his notes and the mortgage with power of sale for the purchase money. The notes were assigned to the plaintiffs ; Bond became insolvent, removed from the State and died. Every interest owned by Bond, both in the debt and in the mortgage, passed to the plaintiffs by the assignment, leaving in him the dry, naked legal title only, which, on his death, passed to his heirs who are non-residents. Now it is clear that the whole interest in this litigation is in the plaintiffs, who are the equitable mortgagees, and the defendant Vernoy, who in equity is the owner of the legal estate in the land. So that the land, the only matter in controversy, is owned by the parties before the Court, who only are interested in its disposition, and who are competent to protect every interest involved in this controversy. The empty legal title is in the heirs of Bond, who are beyond the jurisdiction of the Court, perhaps numerous, infants and scattered. In a technical sense, these heirs might be brought before the Court by publication, but this would be a hollow

form and a sham, where the parties have no interest and would not personally appear, and if they did appear, could only give an involuntary sanction to the decrees of the Court. In such a case where every party having a real interest is before the Court, and those having a mere involuntary, passive and technical interest are beyond the jurisdiction of the Court, although it would not be improper to make them parties, and in fact it is most regular and comformable to the course of the Court to have them parties, yet, according to the cases cited, this interest in the heirs is too unsubstantial and formal to constitute such an encumbrance to the title as will make the Court delay the administration of the rights of the parties before the Court, and who in themselves own and defend every interest in the subject of the action. It would certainly be "sticking in the bark" for this Court to revise its judgment heretofore rendered, and send the case back to the great delay of justice, upon grounds so little likely to result in practical inconvenience. The Court is competent to and will protect purchasers under its decrees from all claims not founded in substantial right.

But pending the action Bond died, and by proceedings in the Court of Probate of Bertie county, one D. C. Winston was appointed trustee in the deed of mortgage in the place of Bond, and was, by order of Court, made a party plaintiff in this action. This appointment was made under the act of 1869-'70, ch. 188, and the defendant insists that it was made *ex parte*, and under the decision in *Gwin* v. *Melvin*, 69 N. C., 242, is void.

It does not judicially appear to us that the appointment of trustee by the Court of Probate was *ex parte* or otherwise irregular, but assuming it to be so, the Legislature of 1873-'74, ch. 127, sec. 2, undertook to cure all such appointments, *ex parte*, by " confirming and making valid the same, so far as regards the parties to actions and proceedings to the same extent as if all proper parties had originally been made to such actions or proceedings." It is certain that if the Legislature had the power to do so, it has validated this appointment of trustee, and that there is no defect of parties to this action.

The writers on this question, as well as the decisions of the Courts differ, not as to the existence, but only as to the extent of the power. The authorities are well collated in Cooly on Const. Lim., ch. 11, and in Sedgwick on Stat and Const. law, 170, 200.

Without discussing the general question, it will be safe to assert that where the act does not violate express constitutional restrictions, or the principles of natural justice, which lie at the foundation of all free government, but is merely in aid of the Courts, and not to defeat, but to carry into effect, the interest of the parties, and does not divest any real interest of the parties; then the Legislature may interfere by retrospective acts, and where they are clearly expressed the Courts are bound to enforce them. For illustration : Where a judgment entered on the *first* instead of the *third* day of January was void for that reason, it was held to be cured by a subsequent act. *Underwood* v. *Lilly*, 10 Lerg. & Rawle, 97. So an omission in the certificate of acknowledgment of a married woman to a deed conveying her estate in land, was remedied by an act passed for that purpose after her death and after the Courts had decided that the acknowledgment was inoperative to pass lands. *Hapburn* v. *Curtis*, 7 Watts 300, 16 Lerg. & Rawle 35, and this doctrine is there laid down : that it is competent for the Legislature to pass acts retrospective in character, although their operation may be to affect pending suits and to give to a party rights he did not before possess; or to modify an existing remedy, or to remove an existing impediment in the way of a recovery by legal proceedings, provided they do not violate any constitutional prohibitions. So in Connecticut, where certain marriages had been celebrated with such defective formalities as to make them invalid and the Legislature afterwards passed an act declaring all such marriages valid, the Court sustained the act. 4 Conn., 224. And in *Beech* v. *Walker*, 6 Conn., 197, where the Legislature passed an act ratifying and making valid certain execution sales which were insisted upon as being void, the Court, in sustaining the act, say : " A law,

although it be retrospective, if conformable to entire justice, this Court has repeatedly decided, is to be recognized and enforced."

It is not contended that the rights of third parties, as for instance, a *bona fide* purchaser can be divested by retrospective legislation, but the power is restricted to the parties to the original contract and such other persons as may have succeeded to their rights, with no greater equities.

In our case the legal title in the heirs is coupled with no equity, and the only right taken away from them *is the right of the defendant, Vernoy, to avoid, or hinder and delay the execution of his own contract*—a naked legal right which it is usually unjust to insist upon, and which no constitutional provision was ever designed to protect. The purpose of the act, as applied to our case, was not to impair the obligation of a contract, and therefore it cannot be considered as taking away vested rights, but to cure certain defects which operate to frustrate the presumed, as well as expressed, desire and intent of the parties to be affected, which defects accrued subsequently to the execution of the mortgage and were not contemplated by the parties, and which would have been provided for had they been apprehended by them.

The opinion of the Court does not extend to the general effect of this act, but is confined to its operations upon the peculiar and somewhat exceptional facts of this case.

The Court attempted to appoint the trustee in conformity to law and the curative act steps in and validates the defective execution of the power. The act does not vary existing obligations contrary to their situation when entered into. The defendant having objected to the order of the Court making this trustee a party plaintiff and having appealed from the judgment of the Court making him plaintiff, and then failed to prosecute the appeal, is estopped from raising the question now.

The discussion of the case a second time is not because the defendant is entitled to it as matter of right, but because the question has been raised whether the purchaser under the

decree of foreclosure will get a good title, the heirs of the mortgagee not having been made parties.

The other questions raised in the petition to re-hear are untenable.

New parties may be added in the complaint and need not be inserted in the summons. Nor was it necessary to make the personal representative of Bond a party. Bond had assigned all his interests to the plaintiff, and was insolvent before his death. All the parties in interest were before the Court and it was the duty of the Court to appoint the commissioner to sell under its decree.

The judgment of this Court, as heretofore rendered, is affirmed, and the petition to re-hear is dismissed.

PER CURIAM.                       :        Judgment accordingly.