WILLIAM HARRIS v. E. N. BRYANT and others.

*Sale for Assets—Purchasers—Demand—Practice—Parties.*

1. Devised land was sold by order of the court to pay debts of the devisor, and bid off by the devisee, who, after the sale was confirmed, but before the purchase money had been paid, mortgaged the same to the plaintiff to secure a recited indebtedness of $1150. Afterwards, the devisee allowed A to pay the purchase money and take a deed from the administrator *cum. test. annex.* of the devisor ; *Held.*

(1) That the plaintiff was entitled to ownership and possession of such land subject to the claim of the administrator for the purchase money, and that a judgment in a suit between the devisee and one to whom the plaintiff had assigned the mortgage debt and security concluded all parties as to the extent and validity of such debt.

(2) That the rights of the plaintiff could not be divested by a demand on him for the purchase money by the administrator *cum. test. annex.* before conveying the legal estate to A.

2. Where land is directed by will to be sold and converted into money, the executor and not the heirs, represents the estate, and the latter are not necessary parties to a suit concerning the diposition of and charges on such estate.

(*Shields* v. *Whitaker*, 82 N. C., 516 ; *Ex Parte Yates*, 6 Jones Eq., 212 ; *Pettillo, Ex Parte*, 80 N. C., 50 ; *Etheridge* v. *Vennoy*, 71 N. C., 184 ; *Mebane* v. *Mebane*, 80 N. C., 34, cited and approved.)

CIVIL ACTION tried at Fall Term, 1879, of NASH Superior Court, before *Eure, J.*

The opinion states the facts. Judgment for plaintiff, appeal by defendants.

*Mr. C. M. Cooke,* for plaintiff.
*Messrs. Bunn & Battle,* for defendants.

SMITH, C. J. William B. Bryant died in the year 1861, leaving a will, in which he devised the land mentioned in the complaint to his son, the defendant, E. N. Bryant. In order to pay the debts of the testator, Burnett Gay, administrator, with the will annexed, under a license obtained from the probate court, and after advertisement, on October 8th, 1870, sold said land at public sale to the said devisee for the sum of $150 on a credit of six months. The sale was reported and confirmed and the administrator directed to collect the money and make title.

Before the purchase money was paid, on January 17th, 1871, the said E. N. Bryant and wife, conveyed the premises by deed of mortgage to the plaintiff to secure an indebtedness therein recited to be $1,150, and said deed was registered on February 9th following. On the 17th day of April thereafter, Owen Cobb, the testator of the defendant, W. O. Cobb, with consent of the purchaser, paid the purchase money to the administrator and took his deed of conveyance in fee.

In December, 1871, the plaintiff, for value, assigned the debt and the mortgage security to Susan Cobb, who brought her action against Bryant and wife, and at August term, 1873, of the superior court recovered judgment for $1,122.19 with interest from January 17th, 1871, and for the foreclosure and sale of the premises. The land was sold under this judgment on February 9th, 1874, and purchased by the plaintiff

for five dollars and duly conveyed to him. The judgment has since been re-assigned to the plaintiff.

The testator, Owen Cobb, alone answers and sets up title in himself, derived under the deed from the administrator, Burnett Gay.

While the record does not itself show the death of Owen Cobb, his will is made an exhibit and W. O. Cobb, the executor who qualified is substituted as a co-defendant in his place, and this assumes the truth of the antecedent facts omitted in the record. In the will, the testator authorizes and directs his executor to make sale of the disputed land, and, after payment of legacies, to divide the residue of the proceeds of sale among his wife and children.

During the trial before the jury (and no specific issues of fact seem to have been prepared and submitted to them, nor were they required to render a verdict) the plaintiff offered in evidence a transcript of the proceedings in the foreclosure suit, and the defendant, admitting the facts therein contained, proposed to show that the mortgage debt was for agricultural advances to be thereafter made, and that the plaintiff had been fully reimbursed for all that he had made, and in order thereto moved that an issue should be prepared, to which the defensive evidence would be pertinent. The court denied the motion and ruled that the judgment conclusively determined the existence and amount of the debt, which the defendant, Bryant, the only party interested in contesting it, would not be allowed to deny. This refusal of the court to submit the issue and admit the evidence constitutes the first error assigned.

I. We sustain the ruling of the court. The testator, Owen Cobb, acquired by the deed of the administrator Gay, executed under the circumstances set out, the legal estate in the land encumbered with the preceding mortgage to the plaintiff, and the right of his grantor whose place he occupied to be repaid the original purchase money before being re-

quired to make title to the plaintiff. He held the land only for his own re-imbursement and indemnity, and then in trust for the plaintiff. This claim of the testator was not controverted, and the judgment recognizing it, required the plaintiff to pay the same before demanding a conveyance; and upon his failure and the consequent necessity of selling the premises, its payment from the moneys received. Beyond this the testator had, and his heirs have, no interest whatever in the result, and the question as to the disposition of the excess lies exclusively with the parties to the mortgage, and between them the extent of the indebtedness is ascertained and settlement fixed by the judgment. *Shields* v. *Whitaker*, 82 N. C., 516.

II. The court also refused to submit an issue to the jury as to a demand alleged to have been made by the administrator, Gay, upon the plaintiff for the purchase money before he conveyed to the testator, Owen Cobb.

We concur with His Honor that this was immaterial and did not impair the plaintiff's equity to pursue the land in the hands of the grantee and charge it with the pre-existent mortgage liability. The right of Harris had been transferred to the plaintiff and could not be divested by his assent to a conveyance to another.

The remedy against a delinquent purchaser of land at a judicial sale, after the bid has by acceptance and confirmation become a contract, is pointed out by the late eminent Chief Justice in his opinion in the matter of *Yates*, 6 Jones Eq., 212; but it cannot summarily be sought as attempted in this case without the purchaser's consent or the sanction of the court in the substitution of another in his place. *Pettillo Ex parte*, 80 N. C., 50.

III. The third exception is to the want of parties for that the land descended to the testator's heirs at law.

It is true the legal estate vests in the heirs until the power of sale conferred upon the executor is exercised, and then

by virtue of the will passes to those to whom he may convey it. But the direction to sell and distribute the proceeds arising from the sale is a conversion of the land into personalty, and the executor represents all interested in the personal estate. The testator himself is only entitled to a return of the money advanced, and for which the legal title is but a security, and this limited beneficial interest vests in the personal representative. The heirs, as such, have no share in it, and they hold the legal estate, as a temporary deposit only, until it is transferred by the exercise of the power conferred in the will. In *Etheridge* v. *Vernoy*, 71 N. C., 184, the presence of a mere naked trustee was dispensed with, and the cause permitted to proceed to a final determination.

The executor possesses ample authority under the will to pass the title of the land without the aid or concurrence of the heirs, and may by the court be required to exercise the power and convey the estate to the plaintiff if he shall redeem, and to the purchaser if a sale shall become necessary. He occupies in respect to this land the position of the testator, and with a similar dominion and control over it, and hence may be compelled to do what the equities of others could have enforced against the deceased owner. The exception is therefore untenable.

Besides, this objection seems to have been made first at the trial, the executor having put in no answer for himself and unless clearly valid will not be favorably regarded, when its only effect is to delay, not to defeat the action. All the parties interested in the subject matter of the action are before the court, the executor legally representing all such as share in the personal estate, and will be bound by the judgment, and we see no necessity for making additional parties.

The appellant's objection to the form of the judgment points to no specific defect, and we suppose rests upon the

absence of any direction for a report of the sale to the court
for its approval and confirmation as required in actions for
foreclosure of mortgages as in the case of *Mebane* v. *Mebane*,
80 N. C., 34. This is however a suit to redeem, rather than
to foreclose, and if there is force in the objection and the
rule is equally applicable to both, it may be removed in the
judgment hereafter to be rendered. This will be certified
for further proceedings in the court below.

No error.                                            Affirmed.