J. P. ALEXANDER v. JOHN ROBINSON.

*Appeal—Exceptions—Judicial Sale—Paactice.*

1. A party who neglects to tender on the trial such issues as he deems essential to the development of his cause cannot assign for error, on appeal, the failure of the court to frame and submit such issues.

2. It is error to order the making of title to property disposed of at a judicial sale, prior to the commissioner's report of such sale, and its confirmation.

(*Mebane* v. *Mebane*, 80 N. C., 34; *Kidder* v. *McIlhenny*, 81 N. C., 123; *Harris* v. *Bryant*, 83 N. C., 568; *Foushee* v. *Durham*, 84 N. C., 56, cited and approved.)

CIVIL ACTION tried at Fall Term, 1881, of MECKLENBURG Superior Court, before *Avery, J.*

Judgment for plaintiff, appeal by defendant.

*Messrs. Wilson & Son,* for plaintiff.
*Messrs. Dowd & Walker, Pittman* and *Burwell,* for defendant.

SMITH, C. J. This suit is to enforce the specific performance of a contract under seal entered into between the plaintiff Alexander, and the defendant, on June 3rd, 1878, for the sale by the former and the purchase by the latter of the

land described in the complaint, for a judgment for the residue of the purchase money, and in case of non payment, the sale of the premises for the satisfaction of the debt.

The defendant admits the substantial averments of the plaintiffs, but says he has not sufficient information of the title, as to admit the allegation that it is in either plaintiff, and their legal capacity to convey to him an estate in fee ; and he further insists that the creditor secured in the deed in trust from the plaintiff Alexander, to his co-plaintiff Wilson, as also the wife of the former, are necessary parties to the action. The pleadings were made up at fall term, 1878, and no further action had until August term, 1881, when the creditor and the said feme came into court, as the record shows, and "make themselves parties plaintiff." At the same term, on plaintiffs' motion, an order of reference was made, directing the clerk to ascertain the amount due under the contract and report during the term.

The report was accordingly returned, and in the absence of exception confirmed, and it was thereupon adjudged that the plaintiff, George E. Wilson, trustee, do recover of the defendant the sum of $6,193.67 and interest on $4,780.80, , principal money included therein from August 29th, 1881, until paid. And it was further adjudged, that the defendant do specifically perform his contract and pay the said moneys so due within ninety days from the rendition of the judgment, and in default that the trustee, acting also as commissioner of the court, sell the said land at public sale, and apply the proceeds after payment of costs to the satisfaction of the said debt as far as said proceeds will admit, and pay over any surplus to the defendant; and that upon payment of the purchase money, he make title to the purchaser.

There appears to have been no opposition to the form of the interlocutory order of reference, no suggestion to extend the scope of the inquiries of the referee, so as to include an

ALEXANDER *v.* ROBINSON.

examination of the title which the plaintiffs were able to convey, and no exception then made to the confirmation of the report and the judgment following it, but subsequently thereto upon an appeal then taken the defendant files the following exceptions, in substance:

1. For that issues are raised upon the pleadings which ought to have been disposed of before the rendition of the judgment.

2. For that the plaintiffs' title is controverted and its sufficiency should have been included in the subjects of reference.

3. For that the judgment directing the sale does not require the same to be reported for the action of the court.

If these exceptions were properly before us for review, they would not be entitled to a favorable consideration, for the reason that no inquiry into the title was asked when the reference was ordered, nor the submission to the jury of any issue in regard to facts controverted in the pleadings, if indeed the answer in its present form does in legal effect amount to a denial of the plaintiffs' title. The defendant cannot complain of omissions which it was his duty to call to the attention of the judge, and of the consequences of his own neglect.

There is, however, an irregularity in the judgment, in that it does not provide for a report of the sale for confirmation before making title to the purchaser, which can be corrected in the judgment now to be rendered, as has been done in several cases heretofore. *Mebane* v. *Mebane,* 80 N. C., 34; *Kidder* v. *McIlhenny,* 81 N. C., 123; *Harris* v. *Bryant,* 83 N. C., 568; *Foushee* v. *Durham,* 84 N. C., 56.

Thus modified the judgment must be affirmed.

PER CURIAM.                    Modified and affirmed.