BEXAR BUILDING AND LOAN ASSOCIATION v. ESTHER NEWMAN ET AL.

No. 94.

1. Assignment of Errors—Signature not Necessary.

Neither by statute (article 1037, Revised Statutes) nor by the existing rule on the subject is it prescribed that assignments of error must be signed. Rule 101 of Rules for District Courts is as follows: "Appellant or plaintiff in error shall file his assignment of errors in the trial court as prescribed by statute." This abolishes the former rule number 97 of rules adopted in 1877 ........................................ 381

2. Same—Case in Judgment.

Assignment of errors was not signed. The brief of appellant copied the assignments and made them the basis of propositions, etc. Appellees' briefs discussed the propositions, but suggest the absence of signature to the assignment. *Held*, that while assignments of error should be signed, yet under the statute and rules an assignment identified as in this case should be considered on appeal ......................... 382

CERTIFIED QUESTION from Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

*William Aubrey*, for appellant.

*Summerlin, Wise & Haltom, Leo Tarleton*, and *C. A. Keller*, for appellees.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals of the Fourth Supreme Judicial District has certified to this court the following question:

"The assignment of errors which was filed in the District Court on May 19, 1891, is not signed by counsel. Briefs have been filed on behalf of both parties, and appellees have in their brief discussed the matters presented by appellant in its brief under the assignments, but appellees in their briefs raise the question of the sufficiency of the assignment of error. Is this court authorized to consider the assignment of error?"

Looking to the briefs, which have been sent up, we find that appellant's counsel prepared a brief in this case, setting out the assignment of errors with appropriate propositions, which was signed by counsel and filed in the office of the clerk of the District Court, March 9, 1892, and in the Su-Court, April 25, 1892, that being the return term of the court at that time. Appellees filed a brief, in which they discussed the propositions in appellant's brief under the different errors as assigned. At the close of one of the appellees' briefs the objection is made that the assignment of errors is not signed by appellant's counsel.

Article 1037 of the Revised Statutes prescribes what is to be done by the appellant or plaintiff in error in preparing and filing an assignment of errors. It does not require that the assignment should be signed either by the party or his attorneys.

In the year 1877 the Supreme Court made and published "Rules and Regulations" for the government of the courts of the State. Number 97 of the "Rules for the District Courts," so far as it is applicable to this question, is as follows: "The appellant or plaintiff in error shall file in the District Court, at the time of filing a bond or affidavit for appeal or bond for writ of error, an assignment of errors, signed by the party or his counsel, prepared in accordance with the statutes and with the rules of the Supreme Court in relation thereto."

After the courts were organized under the amendment to the Constitution adopted in 1891, the Supreme Court made and published new rules and regulations, or rather a revision and amendment of those before published, in which number 101 of the rules for District Courts prescribes what shall be done in preparing an assignment of errors, in these words: "Appellant or plaintiff in error shall file his assignment of errors in the trial court, as prescribed by statute." This abolished the former rule, and left the matter to be governed by the statute.

The case of Fordyce v. Dixon, 70 Texas, 94, cited by appellees' counsel, was decided under rule 97, and expressly based upon its requirement. That rule having been abolished by the court, the decision is not applicable to the case as here presented.

If we consider the matter in the same light as if a new rule of procedure had been prescribed by statute in lieu of one that existed before, then the new rule thus prescribed would govern in the trial of cases which were pending before the change was made, as well as those instituted afterwards, unless the change affected some right of the appellees. 23

Am. and Eng. Encycl. of Law, 450; Hepburn v. Curts, 7 Watts, 300; Richardson v. Cook, 37 Vt., 599; Wade on Retroactive Laws, sec. 214; Catlin v. Munger, 1 Texas, 601; Parker v. Buckner, 67 Texas, 20. There could be no vested right in the continuance of a law or rule of court which affects only matters of procedure. The change made in this instance in no way affects appellees in any substantial right, nor does it prevent them from presenting anything in defeat of the appeal on its merits.

Article 1037, Revised Statutes, now prescribes the rule which is to govern in all appeals or writs of error pending before the change as well as those perfected afterwards. All assignments of error should be signed by appellant or plaintiff in error or by counsel, as should all pleadings filed in court. If, however, assignment has been copied into the brief of the party filing and presenting it, so as to identify it as his act, then the court would not, on account of the failure to sign it by counsel or the party, refuse to consider it.

The Court of Civil Appeals should consider the assignment of errors in this case.

This opinion will be certified to the Court of Civil Appeals for observance.

Delivered February 1, 1894.