OPINION of the Court, by
Judge Logajt.
This was an action of slander, in which there are several counts laid in tile declaration. The first of which charges these words, viz, “ You (meaning the plaintiff) have sworn a damned lie, and I can prove it by Clemens, meaning one Stephen Clemens ; thereby charging the plaintiff with the commission of wilful and corrupt perjury.”
The other counts are in substance the same, but arc laid with a colloquium.
Upon the plea of justification, the defendant moved the court to instruct the jury to disregard the firstcount as faulty and insufficient; which the court refused to do, and, overruled the motion. To which opinion of the court the defendant filed exceptions ; and the refusal of the court to give the instructions, is assigned for error.
There is no doubt the words of themselves are not actionable. They do not necessarily import perjury, or that the swearing was in some judicial proceeding. They might have been spoken in relation to some private and extrajudicial transaction; and therefore, if true, could.not subject the party to a prosecution far having sworn falsely; and so not actionable. They are not laid with a colloquium, or to have been spoken, in a conversation with others in reference to a particular judicial procedure, as is laid in the other counts. And the ■innuendo, as that the plaintiff thereby meaning had been guilty of perjury, cannot render words actionable, which in law are not actionable, or change their legal import.
By the act regulating civil proceedings, (1 Litt. 500) it is provided that where there are several counts, and one of which faulty, the defendant may apply to the court to instruct the jury to disregard such count.
As then the first count, in the declaration in the present case is defective, and the court refused to give the instruction asked for, they erred; and entire damages having been given upon the several counts, the judgment of the court must therefore be reversed with cost, and the cause remanded for a new trial.