WILSON *v.* HARDING.

Neither hearsay nor irrelevant testimony is admissible.

A declaration in slander charged the defendant with having said, that the plaintiff had sworn false on a certain trial before a justice of the peace; but there was no averment that the testimony alleged to be false was material. *Held*, that the declaration could not be objected to, after verdict, for the want of that averment.

ERROR to the *Marion* Circuit Court.—Slander for words charging the plaintiff with having sworn false, on a certain trial, before a justice of the peace. Plea, not guilty.

*Friday,
May 15.*

SCOTT, J.—An action of slander was brought in the *Marion* Circuit Court, by *Harding* against *Wilson* for words importing a charge of perjury on a trial before a justice of the peace. There was a verdict and judgment for the plaintiff in the Circuit Court; and to reverse that judgment is the object of this writ of error.

One error assigned is that *Wilson*, the defendant below, asked *Sharpe*, one of the witnesses, what one *Wright* had said on the subject of *Harding's* testimony before the justice. To which question *Harding* objected; and the Court sustained the objection. Another error assigned is, that the Circuit Court admitted, as evidence, a transcript of the proceedings before justice *Bradley*, in the case to which reference was had in the

charge of perjury.   A third error assigned is, that the defendant below offered to prove certain admissions, and subsequent denials, made by the plaintiff in a conversation with himself. We think there is nothing in these objections.   Had the question, stated in the first assignment to have been asked by the defendant, been answered by the witness, it would have been hearsay evidence.   It was therefore properly rejected.   We can discover no ground to support the second objection.   And the third refers to testimony which was irrelevant, and therefore inadmissible.   All the other errors assigned converge to one point.   It is alleged that the words are not actionable, because it is not stated in the declaration that the testimony given by *Harding*, on the trial alluded to, was material to the point in issue.   This position, we think, is not supported by either principle or precedent.   Where there has been a trial before a competent tribunal, it will be presumed that the testimony given on that trial was material.   To charge a man with perjury, in reference to a trial where perjury might be committed, is actionable; as to say, you were forsworn at such a trial; or, as in this case, to say of another, that he is forsworn before a justice of the peace, has been held to be actionable.   Stark. on Sl. 78.—3 Lev. 166.   Slanderous words should be taken, in Courts of justice, in the sense in which they are commonly understood.   Every slander imports an injury; and the injury arises from the words in their common acceptation.   The words, in this case, without explanation or qualification, have a slanderous import; the jury have so understood them; and it is not the duty of the Court to search for possible cases, in which they might have been spoken in a sense more innocent than that which has been ascribed to them.   The judgment of the Circuit Court must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Brown* and *Merrill*, for the plaintiff.
*Wick*, *Fletcher*, and *Gregg*, for the defendant.