## CUMMINS v. BUTLER.

A declaration in slander stated that the defendant on a certain day, and at divers other days and times, spoke of the plaintiff certain slanderous words. *Held,* that the words "and at divers other days and times," were surplusage, and not a ground of special demurrer.

A count in slander stated, that the defendant had spoken of and concerning the plaintiff these false and slanderous words—viz. *John Butler* (meaning the said plaintiff) swore a lie in the case of *Noah Anderson* against myself, (meaning him the said defendant, and referring to a suit previously determined in the *Pike* Circuit Court,) and I (the said defendant meaning) can prove it. *Held,* that this was not a sufficient statement that the defendant had charged the plaintiff with perjury.

If a count charge the defendant with speaking certain actionable words, and also other words not actionable, a demurrer to the whole count cannot be sustained.

ERROR to the *Pike* Circuit Court. *Butler* was the plaintiff below, and *Cummins* the defendant.

M'KINNEY, J.—This is an action of trespass on the case in slander. The declaration contains one count, in which it is charged, "that the defendant, on the 1st day of *February,* 1829, and at divers other days and times, to wit, &c. spoke and published of and concerning the said plaintiff, these false and scandalous words, to wit:—'*John Butler* (meaning the said plaintiff) swore a lie in the case of *Noah Anderson* against myself, (meaning him the said defendant, and referring to a suit previously determined in the *Pike* Circuit Court,) and I (the said defendant meaning) can prove it. He (the said *John* meaning) is perjured, and I (meaning the said defendant) intend to send him to the penitentiary.'" Demurrer to the declaration, and the following causes assigned: 1. the plaintiff alleges a certain day on which

the defendant spoke the words, and divers days; 2. it is not alleged with sufficient certainty, to what Court the defendant referred, in which the lie was sworn. The demurrer was over- ruled, and a verdict and judgment rendered for the plaintiff.

A number of errors are assigned. They, however, resolve themselves into the proposition of error by the Circuit Court, in overruling the demurrer,—1st, because the words are charged to have been spoken at divers other days and times; 2dly, from the insufficiency of the declaration, there being no *colloquium*, and from its containing two charges, the one good, for words of themselves actionable, and the other insufficient, it being for words of themselves not actionable, nor rendered so by proper averments. We will examine the objections in the order in which they are presented.

The declaration alleges that on the 1st day of *February*, 1829, and at divers other days and times, &c. the defendant spoke, &c. This mode of declaring is objected to, from its being inferred that the act charged is laid under a *continuando*. If, on exami- nation, it be found that these words are not within the technical meaning of a *continuando*, and should be treated as surplusage, the objection cannot be sustained. The *continuando* appears to have been peculiarly appropriate to the action of trespass to land, in which the injury may be committed on several days; and in such actions, the plaintiff would be precluded from giving evidence of repeated and continued acts of trespass, unless committed during the time laid in his declaration, though he might recover for a single act prior to the first day laid. But as, in general, in actions *ex delicto*, the plaintiff is not confined to the time laid in the declaration, in such actions, with the exception for the specific purpose mentioned, when the act is single in its nature, as in the case of assault, a *continuando* would be improper. 1 Chitt. Pl. 384.—1 Saund. R. 24, n. 1. A distinction is however taken, between declaring with a *con- tinuando*, and charging an act to have been committed on divers days and times, between a given day and the institution of the suit; and although trespass for loose chattels cannot be brought with a *continuando*, yet it may in the latter mode of declaring. 2 Salk. R. 638.—Bull. N. P. 86.

A greater relaxation of the rule from the distinction taken, applies to the action for an assault, which act being single in its nature, we have seen could not be laid under a *continuando*,

yet may be charged in the latter form. This was settled in the case of *Burgess* v. *Freelove*, 2 Bos. & Pull. 425, on special demurrer; and the authority of *Michell* v. *Neale et ux.* Cowp. Rep. 828, relied on in support of the demurrer as in point, was denied, the above distinction not having been taken; and it was shown that no inconvenience could arise to the defendant, as evidence could only be given of a single act. The case of *Benson* v. *Swift*, 2 Mass. R. 50, would seem to be in unison with *Burgess* v. *Freelove*, though the question was not presented in a similar manner.

In the case before us, the application of the rule thus settled would appear to be proper. In slander, to show the existence of malice, the plaintiff is permitted, after giving evidence of the words charged in the declaration, to prove the speaking of other distinct actionable words, both before and after the institution of the suit; and from analogy to assault, and on general principle, each of the acts being single in their nature, we should think that the mode of thus declaring, admissible in the one, should not be rejected in the other. We think, however, that the words objected to, as they do not amount to the substituted mode of declaring, much less to a *continuando*, must be regarded as surplusage.

As respects the second point, it may be remarked that when words are not actionable *per se*, but are rendered so by reference to some extrinsic matter, it is necessary not only to state that such matter existed, but that the words were spoken of and concerning it; and that in a charge importing perjury, four distinct allegations are necessary in a declaration,—1. the fact of an oath being taken in a competent Court; 2. a *colloquium* by the defendant of and concerning such oath; 3. the words themselves; and 4. the *innuendo*, that the defendant meant by those words to impute perjury to the plaintiff. The words "he has sworn false," "he has sworn to a lie," are not *per se* actionable, and to become so, they must be connected with a judicial proceeding. 1 Chitt. Pl. 382.—*Watson* v. *Hampton*, 2 Bibb, 319.—*Vaughan* v. *Havens*, 8 Johns. R. 109.—*Martin* v. *Melton*, 4 Bibb, 99. To render such words actionable, they must be laid with a *colloquium* of its being in a Court of competent jurisdiction, and on a point material to the issue. *Niven* v. *Munn*, 13 Johns. R. 48. In *M'Claughry* v. *Wetmore*, 6 Johns. Rep. 82, and in *Watson* v. *Hampton*, supra, it is held, that the

want of a *colloquium* is not cured by an *innuendo*, for that can explain, but not enlarge the meaning of words, without the aid of a *colloquium*.

The words in the declaration, charged to be spoken, follow the inducement of good character, and omitting a *colloquium*, or any reference whatever to a judicial proceeding, the plaintiff by an *innuendo*, would connect the words with such a proceeding. This, from the authorities cited, and the nature of an *innuendo*, is inadmissible, as the *innuendo* can only explain matter already expressed, but cannot add to, or enlarge, or change the sense of the previous words. 1 Saund. R. 243, n. 4.—1 Chitt. Pl. 383.

The first set of words in the declaration, being thus unaccompanied by the necessary allegations to render them actionable, had the defendant confined his demurrer to that portion of the count, it must have been sustained; but the demurrer is to the whole declaration, and as the succeeding words, constituting a distinct and independent charge, are of themselves actionable, we think the Circuit Court was correct in its judgment; for the law is clear, that when some of the words charged are not actionable, yet if spoken at the same time with words that are actionable, they may all be stated in one count.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*J. B. Ray*, for the plaintiff.
*S. Hall*, for the defendant.