Nov. Term,
1850.

SHELLENBAR-
GER
v.
NORRIS.

Tuesday,
November 26.

---

SHELLENBARGER v. NORRIS.

The mere fact that the witness is a party to the suit is no objection to his competency.

If the witness has been sworn and examined on the trial, it will be presumed, the contrary not appearing, that there was a proper issue to which his testimony was applicable.

Nov. Term, 1850.

SHELLENBAR-
GER
v.
NORRIS.

Slander. Charge complained of, perjury in another action between the present parties before a justice. It was objected to the declaration in this suit that there was no averment that the justice had jurisdiction of the cause of action. The declaration contains an averment that "the plaintiff was, at the instance of the defendant, examined on oath administered by said justice, according to law, as a witness for the defendant." *Held*, that this allegation was a statement in substance that the justice had jurisdiction of the cause.

Tuesday, November 26.

ERROR to the *Delaware* Circuit Court.

BLACKFORD, J.—This was an action of slander in which *Shellenbarger* was plaintiff. The declaration contained three counts. General demurrers to the first and second counts, and the demurrers sustained. The plaintiff entered a *nolle prosequi* as to the third count.

The first count is substantially as follows: For that whereas before, &c., a certain action of assumpsit was depending in the Court of *Samuel G. Campbell*, an acting justice of the peace within and for said county of *Delaware*, wherein one *Abraham Shellenbarger* was plaintiff, and said *John Norris* was defendant, and which action was tried before said justice, on, &c., at the county aforesaid, and within the jurisdiction of said justice, and, on said trial, the plaintiff was, at the instance of the defendant, examined on oath administered by said justice, according to law, as a witness for the defendant; which testimony was material to the issue then and there being tried. Yet the defendant, well knowing the premises, &c., on, &c., at, &c., falsely and maliciously spoke and published to, and of, and concerning, the plaintiff, and of and concerning said trial, and of and concerning the said evidence so given by the plaintiff, which was then and there material to the issue then being tried, the false, scandalous, malicious, and defamatory words following, that is to say: "You (meaning the plaintiff) swore to a lie," (then and there meaning that the plaintiff had been and was guilty of perjury). And again, these words: "You (the plaintiff meaning) committed perjury." By means whereof, &c.

Two objections are made to this count. The first is, that it is not shown that the issue in the cause, tried be-

fore the justice, was on a special plea.   We have a sta-
tute authorizing the defendant, in a suit before a justice,
where there is a special plea, to require the plaintiff to
be sworn as a witness.   R. S. p. 877, s. 82.   It is not
necessary, in determining this case, to examine this sta-
tute, as the cause may be determined independently of it.
The plaintiff was, at the defendant's instance, sworn as
a witness in the cause; and it is not necessary that the
issue should have arisen from a special plea.   The de-
fendant had a right to have the plaintiff sworn as a wit-
ness, under the general issue or any other issue of fact,
if the plaintiff made no objection; and as none appears
to have been made in this case, we must presume none
was made.   We have already decided that the mere fact
that the witness is a party to the suit, is no objection to
his competency.   *Henderson* v. *Reeves*, 6 Blackf. 101.
Besides, it is not usual or necessary in these cases, to
state the issue on which the cause was tried.   See the
forms in Stephens on Plead. 42, and in 2 Chitty on Plead.
620.   If the witness was sworn and examined on the trial,
it will be presumed, the contrary not appearing, that there
was a proper issue to which his testimony was applicable.

The second objection made to the first count is, that
there is no averment that the justice had jurisdiction of
the cause of action.

There is a late case in the Court of Appeals of *South
Carolina* where the averment in question is held not to be
necessary.   The Court there say:   " The grounds taken
in arrest of judgment cannot avail the defendant.   It is
very clear, on authority, that it is not necessary to aver
in the declaration that the justice had jurisdiction of the
cause in which the plaintiff was sworn as a witness, or
that his testimony was material.   Both of these are pre-
sumed until the contrary appears.   2 Blackf. 242.—*Ne-
vin* v. *Munn*, 13 J. R. 48.—*Chapman* v. *Smith*, 13 J. R.
78.—*Crookshanks* v. *Gray*, 20 J. R. 344.—*Hamilton* v.
*Langley*, 1 McMull. 498."—*Dalrymple* v. *Lofton*, 2 McMull.
112.   We have examined the record in the case above
cited in 2 Blackf. 242, *Wilson* v. *Harding*.   The declara-

Nov. Term,
1850.

SHELLENBAR-
GER
v.
NORRIS.

tion in that case contains no averment of the justice's jurisdiction, but it does not appear to have been objected to on that ground. In *Dalrymple* v. *Lofton*, above cited, the objection was made in arrest of judgment, though the Court, in holding the declaration to be good, do not put their opinion on that ground. We shall leave that technical objection undecided, as the present case happens not to require its decision. The declaration before us shows with sufficient certainty, (the objection being made on general demurrer,) that the cause was within the justice's jurisdiction. The allegation that the plaintiff was examined on oath administered by the justice *according to law*, is saying in substance that the justice had jurisdiction of the cause. He could not have administered an oath to the witness *according to law*, unless the cause in which the oath was administered, was within his jurisdiction. If the trial was *coram non judice*, the oath to the witness was administered, not according to law, but in violation of it.

What we have said is with a view to the first set of words laid in the first count. If the count is valid as to those words, it is, *a fortiori*, valid as to the others.

The second count differs from the first only in laying the words to have been spoken in the third person instead of in the second.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c. Costs here.

*J. T. Sample*, for the plaintiff.

*W. March*, for the defendant.