WHITSEL v. LENNEN.

WHITSEL
v.
LENNEN.

APPEAL from the *Hamilton* Circuit Court.

*Per Curiam.*—*Lennen* was the plaintiff below, and *Whit-* Tuesday,
*sel*, the defendant. The complaint charges, substantially, December 20.
that on, &c., at, &c., a certain writ for the assessment of
damages, was in the hands of *Jacob B. Locke*, the sheriff
of *Hamilton* county, upon which the sheriff, as commanded
by said writ, on the 26th of *March*, 1855, impanneled a
jury and proceeded to trial, under said writ, in due form,
&c.; that the plaintiff was duly sworn, on said trial, as a
witness, and was then and there examined, and gave his
evidence as a witness on the same trial. And that defend-
ant contriving, &c., on, &c., at, &c., in a certain discourse,
&c., falsely and maliciously spoke and published of and
concerning the plaintiff, and of and concerning said trial,
and of and concerning the evidence so given by the plain-
tiff on said trial, these false, malicious, and defamatory
words, to-wit: You, meaning the plaintiff, swore a damned
lie; and I, meaning the defendant, can prove it, &c. Dam-
ages are laid at 5,000 dollars.

Defendant demurred to the complaint; but his demurrer
was overruled; and thereupon he answered. Verdict for
the plaintiff. New trial refused, and judgment rendered.

In support of the demurrer, it is insisted that the com-
plaint is defective, because it does not allege that the evi-
dence given by the plaintiff was material to the issue.

In *Wilson* v. *Harding*, 2 Blackf. 241, the Court say:
"Where there has been a trial before a competent tribunal,
it will be presumed that the testimony given on that trial
was material. To charge a man with perjury, in refer-
ence to a trial where perjury might be committed, is ac-
tionable."

This is, no doubt, a correct exposition of the law, and
when applied to the point under consideration, at once
shows that the ground assumed in favor of the demurrer,
is not well taken.

Nov. Term,
1859.

The judgment is affirmed with 10 per cent. damages and costs.

*D. Moss* and *J. W. Evans*, for the appellant.

*G. H. Voss*, for the appellee.