# JOSEPH MOSHER

*v*

# ASA GRIFFIN *et al.*

1. GAMING—*of a recovery for services for training a horse for a race.* Where a party brought his action to recover for services rendered in fitting a horse for a race, on which money was bet, *it was held,* that the services rendered, whether the race was run or not, being in aid of an offense prohibited by statute, was in violation of law and he could not recover.

2. But, for money laid out and expended for the shoeing and feed of the horse, while under training, it not necessarily being a part of a gaming transaction, he was entitled to recover.

APPEAL from the County Court of La Salle county; the Hon. P. K. LELAND, Judge, presiding.

This was an action brought to recover for services rendered in training a horse for a race, and for money laid out and expended for the shoeing and feed of such horse while under training.

On the trial the jury found for the defendant, and the court rendered judgment upon the verdict. The plaintiff appeals.

Mr. OLIVER C. GRAY, for the appellant.

Mr. B. C. COOK, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

We are of opinion, the county court decided properly in disallowing the claim of plaintiff, for fitting the mare of defendants for a race on which money was bet, though the race was not run. The fitting the mare—training her, we suppose, was for the purpose of gaming, which this court has held a horse race to be. *Tatman* v. *Strader*, 23 Ill. 494.

The claim, however, for shoeing the mare, was not necessarily a part of a gaming transaction, nor was the board of the mare at Mendota, for, whether the mare ran the race or not, it was necessary she should be fed and shod.

For these items the plaintiff was entitled to recover and they should not have been excluded from the jury. To exclude them from the jury was error, and for the error the judgment must be reversed and the cause remanded.

*Judgment reversed.*