Dorsett v. Adams.

## DORSETT *v.* ADAMS.

SLANDER.—*Pleading.—Perjury.*—A complaint for slander, charging the defendant with saying that the plaintiff swore to a lie on a certain trial before a justice of the peace, which does not show or allege that the justice had jurisdiction, or does not allege that the plaintiff was sworn to testify, is insufficient; but it is not necessary that the complaint should allege or show that the matter about which the charge of false swearing was made was material to the issue.

From the Putnam Circuit Court.

*S. Claypool*, *M. A. Moore*, *L. P. Chapin*, and *W. A. Ketcham*, for appellant.

DOWNEY, J.—This was an action by the appellee against the appellant, for slander, and the only question which we need to consider is the sufficiency of the complaint. After the caption, it is as follows :

" John Adams, plaintiff, complains of Abijah Dorsett, defendant, and says, that heretofore, to wit, on the —— day of ——, 1871, a certain civil suit was begun, pending, and tried before one Shinn, an acting and duly commissioned and qualified justice of the peace in and for the township of Floyd,

VOL. L.—9

Dorsett v. Adams.

in the county of Putnam, and State of Indiana, wherein Henry Dorsett was plaintiff, and Benjamin F. Connett was defendant, at and in which trial said plaintiff was a material witness, and then and there, at said trial before said justice, testified to material matters and facts in said cause so on trial before said justice ; and said plaintiff says that said defendant, Abijah Dorsett, on the 25th day of June, 1871, at said county, in a certain conversation with one B. A. Parker, of and concerning said plaintiff, and of and concerning said plaintiff's testimony in said cause, spoke of said plaintiff and his said testimony in said cause the following false, slanderous, and defamatory words, to wit : 'John Adams' (plaintiff meaning) 'and wife swore to a lie ;' 'they' (plaintiff and wife meaning) 'swore a lie in a trial between Mr. Connett' (said Benjamin F. Connett meaning) 'and Henry Dorsett, in relation to a note given for a mole-trap patent.' Then and thereby charging, and intending to be understood as charging, that said plaintiff was guilty of the crime of perjury, to his, plaintiff's, damage five thousand dollars, and for which he sues and demands judgment for five thousand dollars."

Three objections are urged against the complaint :

1. Because it does not show or allege that the justice had jurisdiction.

2. Because it does not allege that the plaintiff was sworn to testify.

3. Because the complaint does not allege or show that the matter about which the charge of false swearing was made was material to the issue.

According to *Cummins* v. *Butler*, 3 Blackf. 190, the first and second of these objections are well taken. But according to *Whitsel* v. *Lennen*, 13 Ind. 535, and *Wilson* v. *Harding*, 2 Blackf. 241, the third objection is not well taken.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.