# B. M. SHAFFNER
## v.
# P. B. S. PINCHBACK.

*Gaming—Money Advanced.*

Money advanced, either as a loan or on joint account, to be bet on a horse race, can not be recovered.

[Opinion filed March 13, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. B. M. SHAFFNER, for appellant.

Appellee admits receiving $1,000 from appellant for wagering on horse races. This is gaming. Tatman v. Strader, 23 Ill. 493.

And is clearly recoverable under the statutes. See 179 and 180, Chap. 38, R. S.

Under appellee's theory, the most favorable position he occupies is that of stakeholder. The law is well settled that money deposited with a stakeholder and by him not paid over, is recoverable by the depositor. Cotton v. Thurland, 5 T. R. 405; Hastelow v. Jackson, 8 B. & C. 221; Smith v. Bickmore, 4 Taunt. 474; Bate v. Cartright, 7 Price, 540; Hudson v. Terrell, 1 Cromp. & M. 797; Martin v. Hewson, 10 Exch. Rep. 737.

Mr. E. H. MORRIS, for appellee.

GARY, J. Money advanced, either as a loan or on joint account, to bet on a horse race, can not be recovered, whether the receiver won or lost, whatever excuse or pretense he may offer for not repaying it.

The principle of Mosher v. Griffin, 51 Ill. 184, governs. Beck v. Briggs, 3 Den. 107; Ruckman v. Bryan, 3 Den. 340.

*Judgment affirmed.*