No. 1,055.

## SEVERINGHAUS v. BECKMAN.

TORT.—*Complaint, Sufficiency of.*—*Conspiracy, When not the Gravamen of the Action.*—Where, in an action for damages, a conspiracy is alleged to have been formed to commit an act, which, if done by one alone, would be an actionable wrong, or where the conspiracy charged is not, by law, a crime, then conspiracy is not the *gravamen* of the action, and the tort, for the accomplishment of which the conspiracy was formed, must be well pleaded before the complaint can repel a demurrer.

From the Floyd Circuit Court.

*A. Dowling*, for appellant.

*C. L. Jewett* and *H. E. Jewett*, for appellee.

GAVIN, J.—The appellee sued appellant and another, alleging that they had maliciously conspired and agreed with each other to slander and defame her, by accusing her of the crime of perjury; and that, in pursuance of such conspiracy, the appellant spoke of the appellee certain false and defamatory words, setting them out.

The appellant's demurrer to the complaint was overruled, with an exception. An answer of general denial was filed, and upon the trial there was a verdict against appellant, but in favor of his codefendant.

Under the cases of *Cummins* v. *Butler*, 3 Blackf. 190, and *Dorsett* v. *Adams*, 50 Ind. 129, we are constrained to hold, though reluctantly, that the complaint does not sufficiently charge the slander.

The appellee insists, however, that even though the slander be not sufficiently charged, the complaint is still good as a complaint for a conspiracy, a conspiracy for a wrongful purpose being alleged, and an overt act done in pursuance of it, whereby damage has resulted. If the conspiracy be itself an actionable wrong, then this claim may be sustained, otherwise it must fail.

The action is one which, under the common law practice, would have been generally termed an action on the case in the nature of conspiracy. The writ of conspiracy, strictly speaking, was limited to conspiracy to procure another's indictment for treason or a capital felony. In such cases the conspiracy was essential to the maintenance of the action, and must be proved against two or more. *Marsh* v. *Vauhan*, 2 Croke, 701.

It became, however, quite common in actions of tort against several defendants to charge a conspiracy to do the wrong, thus making it what has generally been termed an action on the case in the nature of conspiracy. In such actions the conspiracy was not the gist of the action, and it was unnecessary to prove it, even if alleged. The gist of the action lay in the wrong done, and the damage consequent therefrom. For this reason it was competent to recover, without proof of the conspiracy, against all who participated in doing the wrong. The only effect of the allegation of conspiracy was in aggravation of the injury, and to enable the plaintiff to hold all those who shared in the conspiracy, even though they did not actually join in the commission of the tortious act.

In this form of action, then, it is competent, as claimed by appellee's learned counsel, for the plaintiff to recover against one defendant only, if he fails to establish the conspiracy, but does prove the wrongful act by that defendant.

If this be permissible, then it follows, logically and necessarily, that the complaint, to be good on demurrer, must state such facts as show a good cause of action against the one, disregarding the allegations of conspiracy. It would be anomalous to say that a complaint which was made good only by the allegation of conspiracy could be sustained by proof of other facts, disregard-

ing entirely that which was essential to its sufficiency on demurrer.

In *Jenner* v. *Carson*, 111 Ind. 522, Judge MITCHELL thus states the law: "The allegation of a conspiracy in a civil action against several for a tort is of no consequence, so far as respects the cause and ground of the action, unless the wrong complained of would not have been actionable at all but for the unlawful combination of several persons. Such is not the case here. The damage is the gist of the action, not the conspiracy."

He then quotes from *Hutchins* v. *Hutchins*, 7 Hill, 104, which is the leading case upon the subject in this country, the following: "Where the action is brought against two or more as concerned in the wrong done, it is necessary, in order to recover against all of them, to prove a combination or joint act of all. For this purpose, it may be important to establish the allegation of a conspiracy. But if it turn out on the trial that only one was concerned, the plaintiff may still recover, the same as if such one concerned had been sued alone. The conspiracy or combination is nothing so far as sustaining the action goes; the foundation of it being the actual damage done to the party."

In Bishop on Non-Cont. Law, sections 352–363, the distinction intimated by Judge MITCHELL is expanded. That is: That while the above is the general rule, there are cases where the tort, from its nature, can be committed only by a combination of more than one. In such cases the conspiracy is a material element.

In section 361, Mr. Bishop says: "Civil actions which are improperly called conspiracy, such as deceit, slander, seduction, and various others where a conspiracy is needlessly alleged, and the allegation is treated as surplusage, are governed, not by the law of conspiracy

here stated, but by the rules pertaining to the class to which they belong.''

No combination was necessary to make actionable the wrong for which this conspiracy is alleged to have been formed. The only effect, therefore, of the allegation of conspiracy was to enable the appellee to hold both defendants responsible for the act of one, and in aggravation of the wrong.

We are supported in our views of the law by a large number of authorities, both in England and the United States: *Savile* v. *Roberts*, 1 Raym. 374; *Skinner* v. *Guntor*, 1 Saund. 228; *Hutchins* v. *Hutchins, supra; Jones* v. *Baker*, 7 Cow. 445; *Parker* v. *Huntington*, 2 Gray, 124; *Kimball* v. *Harman*, 34 Md. 407; *Herron* v. *Hughes*, 25 Cal. 555; *Buffalo, etc., Co.* v. *Standard Oil Co.*, 42 Hun, 153; *Strout* v. *Packard*, 76 Me. 148; *Eason* v. *Westbrook*, 2 Murphy, 329; *Sheple* v. *Page*, 12 Vt. 519; *Keit* v. *Wyman*, 67 Hun, 337; *Delz* v. *Winfree* (Tex.), 16 S. W. Rep. 111; *Laverty* v. *Vanarsdale*, 65 Pa. St. 507; *Booker* v. *Puyear* (Neb.), 43 N. W. Rep. 133; *Adler* v. *Fenton*, 24 How. 407; Pollock on Torts, 267.

The case of *Van Horn* v. *Van Horn* (N. J.), 20 Atl. Rep. 485, was for a conspiracy to drive plaintiff out of business by false statements made concerning her and her business. The court there says: ''The distinction is now well established that in civil actions the conspiracy is not the *gravamen* of the charge, but may be both pleaded and proved as aggravating the wrong of which the plaintiff camplains, and enabling him to recover against all as joint tort-feasors.' If he fails in the proof of a conspiracy or concerted design, he may still recover damages against such as are shown to be guilty of the tort without such agreement.''

The appellee relies upon *Wildee* v. *McKee*, 111 Pa. St. 335, and *State* v. *Hickling*, 12 Vroom, 208.

The latter case simply holds that to make a good charge of conspiracy in a criminal prosecution, it is sufficient to allege the conspiracy and some overt act in pursuance thereof, without showing the conspiracy fully carried out, because this is all the statute requires.

The Pennsylvania case referred to does not, in itself, lend any special support to appellee's position, because the words charged were actionable, but it quotes, with approval, a statement from *Hood* v. *Palm*, 8 Barr, 237, which is as follows:   ''A conspiracy to defame by spoken words not actionable, would be equally a subject of prosecution by indictment; and if so, then equally a subject of prosecution by action, by reason of the presumption, that injury and damage would be produced by the combination of numbers.   *   *   *   Defamation by the outcry of numbers, is as resistless as defamation by the written act of an individual.   The mode of publication is different,   *   *   and it is for this reason, that an action lies at the suit of one who has been the subject of a conspiracy, wherever an indictment would lie for it.''

The rule thus quoted, however, fails to aid appellee, because such a conspiracy as is charged in this complaint is not the subject of indictment in Indiana.   It is not made criminal by statute; and our law recognizes no crimes other than those defined by the statutes, except, perhaps, treason.   *State* v. *McKinstry*, 50 Ind. 465.

Under the Pennsylvania cases, the conspiracy to defame is actionable, because it is a crime, and whenever special damage follows the commission of a crime, an action will lie therefor.   Bishop on Non-Cont. Law, sections 355, 279, 71.

The fact that these cases hold such a conspiracy to be actionable solely because by the law of Pennsylvania it was a crime, seems to have been overlooked by several

eminent text writers. Townshend on Slander and Libel, section 118; 2 Hilliard on Torts, 220.

So, also, in *Patten* v. *Gurney*, 17 Mass. 182, cited by counsel, the statement that an action may be maintained for a conspiracy where damage ensues, without the act intended having been carried out, is based upon the fact, as stated, that such a conspiracy is itself a criminal act.

Our conclusion, then, is, that where a conspiracy is alleged to have been formed to commit an act which, if done by one alone, would be an actionable wrong, or where the conspiracy charged is not, by law, a crime, then the conspiracy is not the *gravamen* of the action, and the tort, for the accomplishment of which it was formed, must be well pleaded before the complaint can repel a demurrer.

The judgment is reversed, with instructions to the trial court to sustain the demurrer to the complaint, with leave to amend.

