## PHILLIPS *v.* THE STATE.

LUMPKIN, J.—1. Under the facts disclosed by the record, there was no abuse of discretion in overruling the motion for a continuance.

2. Where one, by the use of his capital or credit, aids in procuring and furnishing whisky to another for the purpose of being unlawfully sold by the latter, and it is so sold, and the former, by the agreement for conducting the business, is to receive, and does actually receive, a given per cent. on the cost of all the whisky so furnished and sold, they are both guilty of selling the liquor unlawfully, whether under the terms of such agreement a technical partnership between them existed or not.

3. Where, in sentencing one convicted of a misdemeanor, the court imposes the maximum fine authorized by law for that offense, the punishment is not rendered excessive because the court adjudges that the accused shall also pay, in addition to the fine, the costs of the prosecution.

4. The evidence fully warranted the verdict, and there was no error in overruling the motion for a new trial. *Judgment affirmed.*
October 15, 1894.

Indictment for unlawful sale of liquor. Before Judge COBB. City court of Clarke county. June term, 1894.

G. C. THOMAS and J. J. STRICKLAND, for plaintiff in error.

---

## MARTIN *v.* THE STATE.

LUMPKIN, J.—1. According to the bill of exceptions (as now ascertained by examination of the same) in the case of *Jordan* v. *The State*, 56 *Ga.* 92, there was a motion to quash the indictment, which the court entertained but overruled, the motion being made when the panel of forty-eight jurors was put upon the accused and before witnesses were sworn. This court held that the motion should have been sustained, and directed that the indictment be quashed, inasmuch as it was founded on section 4488 of the code and charged the accused with receiving stolen goods as accessory after the fact, without alleging that the principal in the larceny had been tried and convicted. Conceding this adjudication to be correct (which admits of grave doubt), the case is of no absolutely binding authority upon a motion in arrest of judgment for a like defect in the indictment; for the code, in section 4628, declares that every indictment shall be deemed sufficiently technical and correct which states the offense in the terms and language of the code;