Terre Haute Brewing Co. *v.* Newland.

---

TERRE HAUTE BREWING COMPANY *v.* NEWLAND.

[No. 4,597. Filed February 24, 1904. Rehearing denied June 10, 1904. Transfer denied October 27, 1904.]

INTOXICATING LIQUORS.—*Illegal Sales.*—*Damages for Death from Intoxication.*—*Complaint.*—A complaint against a brewing company and a saloon keeper for damages for the death of plaintiff's son from acute alcoholism alleged that the defendant brewing company "colluded and connived and became a party in interest with" the saloon keeper in conducting the saloon in which the liquors were sold to plaintiff's son without a license, and "became interested in the proceeds and profits of said business." *Held,* that the charge of collusion was sufficient to admit proof of the brewing company's connection with the business. *pp. 545, 546.*

SAME.—*Death from Unlawful Sale of Liquors.*—A saloon keeper began business without a license, executing his note to defendant brewing company in payment for a license, which the brewing company agreed to get for him. The agent of the brewing company afterwards telephoned the saloon keeper that a license had been granted. The saloon keeper leased the building in which the saloon was conducted, and the brewing company paid the rent and furnished the liquor. *Held,* that the brewing company was liable in damages for the death of plaintiff's son resulting from acute alcoholism from drinking intoxicating liquors purchased in said saloon. Wiley, J., dissents. *pp. 545-547.*

Terre Haute Brewing Co. *v.* Newland.

From Hancock Circuit Court; *E. W. Felt*, Judge.

Action by Mary Newland against the Terre Haute Brewing Company and another. From a judgment for plaintiff, defendant brewing company appeals. *Affirmed.*

*Ephraim Marsh, W. W. Cook, W. W. Woollen* and *Evans Woollen,* for appellant.

*E. F. Ritter, W. S. Doan, R. L. Mason* and *U. S. Jackson,* for appellee.

Roby, J.—Action by appellee based upon §7288 Burns 1901, for damages on account of death of her son, twenty-two years of age, upon whom she avers that she was dependent. Verdict against Jacob Van Blaricum and the Terre Haute Brewing Company for $500. Motion for a new trial overruled, and judgment on the verdict.

The sole question presented on this appeal is the sufficiency of the evidence to sustain the verdict as against the brewing company, the alleged deficiency being lack of connection with the occurrence on its part.

The complaint contains an averment as follows: "The defendant, the Terre Haute Brewing Company, colluded and connived and became a party in interest with the said defendant Van Blaricum in the conduct of said unlawful business at the beginning of the same as aforesaid, and became interested in the profits and proceeds of said business, and received a part of said profits for its aid and participation in said business."

It is established without conflict of evidence, and mainly by the testimony of the defendant Van Blaricum, whose presence at the trial of the cause in Hancock county was procured on the second day of such trial through the service of a subpœna in Marion county and the payment of witness fees to him by appellee, that from December 24, 1901, until the time of the trial, June 13, 1902, he kept a saloon in the city of Indianapolis without any license to do so,

The testimony also tends to show that he made a note to the appellant brewing company for $350 in payment for a license, which it agreed to get for him. The note had not been paid, and it is not shown that any attempt had been made by the brewing company, or anyone else, to procure any kind of a license. Van Blaricum testified that the agent of the brewing company notified him over the telephone that a license had been granted. The agent denied having done so, but the finding of the jury was against him. The building in which Van Blaricum carried on his trade was leased to him by the owner on December 7, 1901. On that day the first instalment of rent was paid by the brewing company. It paid the rent thereafter on the 1st days of January, February, March, April, May, and June, 1902, and on February 3d Van Blaricum assigned all his interest in the lease to it. Van Blaricum and the brewing company had an agreement by which he "would handle nothing else than our beer." It delivered to him before January 19, 1902, merchandise on various dates, amounting to $99, and up to the time of the trial to $838.80. The saloon was not only run without a license this entire time; but it was kept open every Sunday from morning until night. It is not denied that appellee's son on Sunday, January 19, 1902, died of acute alcoholism, after spending the greater part of the day in this saloon. He was taken to his mother's house, put on the doorstep in the evening, and either was dead when she discovered him, or died shortly thereafter.

When two or more persons engage in the prosecution of an illegal enterprise, and in the violation of the law, it is elemental that each one of them becomes responsible for all the consequences resulting therefrom. The *gravamen* of this action is the unlawful sale of intoxicating liquor. If the evidence tends to show that the brewing company was a party to such sale, then the verdict against it under the allegations of the complaint as to collusion can not be

set aside. *Severinghaus* v. *Beckman,* 9 Ind. App. 388; *Mendenhall* v. *Stewart,* 18 Ind. App. 262. The law regards substance, not form. If in fact defendant was a party to the illegal sales of liquor by reason of which appellee's son met his death, it is quite immaterial how its relation to the business was cloaked. The charge of collusion permits proof of its true attitude and connection therewith, if any. There is no room for division of responsibility. Van Blaricum can not be allowed to defend himself by casting responsibility upon appellant, because of its failure to get the license after having taken his note for the price, and informed him that it had been granted. Neither can appellant evade its responsibility by its manner of keeping books. The question was, did these parties participate in the illegal business which caused the young man's death? The evidence shows that appellant identified itself with the business from the time the room was rented. It furnished every element that was necessary except the man to sell. That was Van Blaricum. It undertook to get a license. It is not shown to have made or caused any application to be made. It paid for the room and furnished the liquor knowing that it was being sold contrary to law, as is inferable from the fact, in connection with others, that its bills were furnished at different times, and in relatively small amounts. The sales of liquor made by it to Van Blaricum were illegal. *Terre Haute Brewing Co.* v. *Hartman,* 19 Ind. App. 596.

The verdict is not without support in the evidence, and it is not material what relations the parties, as between themselves, intended to create.

Judgment affirmed.

Henley, C. J., and Black, J., concur in result. Robinson and Comstock, JJ., concur in opinion. Wiley, P. J., dissents.

Terre Haute Brewing Co. v. Newland.

## DISSENTING OPINION.

WILEY, P. J.—I would be glad to concur in the major-
ity opinion if I could see any way clear to do so upon any
legal hypothesis based upon the theory of the complaint.
Under the facts pleaded and the evidence in support there-
of, I can not believe there is any legal liability resting upon
appellant. Trying to avoid the influence of any senti-
ment naturally aroused by the fact of the total disregard
of the law on the part of Van Blaricum, in selling liquor,
as disclosed by the evidence, I deem it my duty to express
my views of the law as applicable to the proved facts, and
give the reasons which lead me to the conclusion that
appellant is not liable. To do this I must be permitted
to give a more detailed statement of the facts than appears
in the prevailing opinion. The cause was commenced in
the Marion Superior Court, and venued to the court be-
low, where it was tried and determined. Appellee based
her cause of action upon the death of her son, which she
alleged in her complaint was caused by acute alcoholism,
superinduced by the unlawful sale of intoxicating liquors
to him by appellant and Van Blaricum. Appellant's de-
murrer to the complaint was overruled, answer in denial,
trial by jury, and verdict against each of the defendants.
Appellant's motion for a new trial overruled, and judg-
ment on verdict. Each of these rulings is assigned as
error.

Appellee bottoms her right of action upon that provi-
sion of §7288 Burns 1901, fixing liability upon persons
who illegally sell intoxicating liquors, as a result of which
another is deprived of his or her means of support. She
was a widow, and her son, Guy Newland, resided with
her. He was of age, and in her complaint she avers that
he was her only means of support. She also avers that
Jacob Van Blaricum owned and kept a saloon in the city
of Indianapolis; that he did not have a license to retail

intoxicating liquors, but that in violation of law he sold liquors on Sundays and divers other times; that her said son was an industrious and hardworking young man, in good health, and out of his earnings contributed to her support; that said Van Blaricum on Sunday, January 19, 1901, at his saloon, unlawfully sold to her said son intoxicating liquors, which he drank, and thereby became intoxicated, and, while in a state of intoxication, Van Blaricum continued to sell intoxicating liquors to him, and that he became so intoxicated that he was unconscious and helpless, and finally died as a result thereof.

Appellee seeks to fix responsibility upon appellant by the following averments: "The defendant the Terre Haute Brewing Company colluded and connived and became a party in interest with the said Van Blaricum in the conduct of said unlawful business at the beginning of the same, as aforesaid, and became interested in the profits and proceeds of said business, and received a part of said profits for its aid and participation in said business. * * * And plaintiff further says that on account of the said unlawful sales * * * and the unlawful conduct of said saloon, and the collusion, connivance, and participation in said business by said defendant the Terre Haute Brewing Company, the intoxication and death of said son was produced as aforesaid," etc. It is somewhat difficult to determine the theory of the complaint as against appellant. It is charged that Van Blaricum conducted the saloon as proprietor, and that appellant colluded and connived and became a party in interest with Van Blaricum in the conduct of said unlawful business, and became interested in the profits of the business, and received a part of the profits. A pleading must proceed upon some definite theory, and the only theory upon which it can be said that any cause of action is stated against appellant is that it was a partner of and interested with Van Blaricum in conducting and running an unlicensed saloon, and that it

shared in the profits. Appellee must recover, if at all, upon the theory of the complaint, and hence it must appear from the evidence that appellant colluded and connived with Van Blaricum in the sale to appellee's son, and became a party in interest, and shared in the profits of the business.

Appellant relies for a reversal solely upon the insufficiency of the evidence to support the judgment. The evidence, so far as it relates to the liability of appellant, is brief, and may be summarized as follows: Appellant is a brewer of beer, and sells its product to retailers. December 7, 1901, the owner of the building in which Van Blaricum conducted his saloon, leased it in writing to him. The lessee assigned his interest in the lease to appellant February 3, 1902, which was after appellee's cause of action had accrued. The rent for the building was paid by appellant to the owner's agent from December 7, 1901, to June 30, 1902, and entered upon appellant's books as charges against Van Blaricum. The latter reimbursed appellant by paying the rent to its collector. Appellant was to receive from Van Blaricum the money advanced by it for rent, whether he got it out of his business or from some other source. So far as appellant's agent knew, Van Blaricum was not engaged in any other business. The complaint avers that Van Blaricum was the "proprietor" of the saloon, and the evidence shows that as such proprietor he opened his saloon and commenced business December 24, 1901. On that day he took possession of the premises under the lease to him. On the day of the alleged sales to appellee's son, he did not have any license to sell intoxicating liquors. He gave a note for $350, with surety, to appellant's agent, for which a license was to be procured for him. This note he did not pay. Prior to January 19, 1902, appellant's agent had not taken out a license in Van Blaricum's name. Van Blaricum testified that he believed that one Donnelly, appellant's agent,

had told him by telephone, between Christmas and New Year, that his license had been granted. Appellant supplied Van Blaricum with beer from its brewery for him to sell in his saloon under a contract at $7.20 per barrel. That was appellant's regular price for beer by the barrel to retailers. From December 28, 1901, to June 7, 1902, appellant sold him beer at different times, amounting in the aggregate to $838.80, for which he paid in cash at different times, $789.20, leaving a balance due June 7, 1902, of $49.60. Appellant paid the rent for the saloon building as an advancement from December 31, 1901, to June 4, 1902, which amounted to $270.18, and charged the several payments to Van Blaricum on its books. Of this amount he paid back to appellant, between January 14, 1902, and May 13, 1902, the sum of $120.

It is in evidence that there was an agreement entered into between appellant's agent and Van Blaricum that if appellant would advance the money for the license on the secured note he would handle its beer exclusively, provided it would sell it to him at the market price of $7.20 per barrel. The evidence is uncontradicted that appellant received from Van Blaricum $7.20 per barrel, no more nor less, for all the beer sold him. There was no agreement between Van Blaricum and appellant that the latter should participate in the profits of the former's saloon business, and there is no evidence that it did participate therein. The evidence further shows that before the day on which the sales of liquor were made to appellee's son, as alleged, Van Blaricum had repaid to appellant a part of the first money advanced on the rent. On January 18, 1902, that being the day before the death of appellee's son, Van Blaricum had paid appellant for all beer previously sold him, and paid $7.20 per barrel therefor. The evidence as to the various facts stated is without conflict.

If any cause of action against appellant is stated, it is upon the theory that it colluded and connived with Van

Blaricum in the unlawful sales, and participated with him in the profits. This theory can not be sustained upon any hypothesis except upon the fact that appellant knew that Van Blaricum was selling liquor on Sunday. The fact that the sale was made to appellee's son on Sunday can have no weight, for the reason that the sale so made would have been unlawful even if he had had a license. There is no evidence to show that appellant knew Van Blaricum was selling liquors on forbidden days or hours, or sanctioned, counseled, or abetted the same.

Counsel for appellee say in their brief that "the appellant not only furnished the liquors, room, and fixtures, but paid the rent where the business was conducted." I have read every word of the evidence, and there is not a scintilla of evidence that appellant furnished the fixtures, nor any facts from which such inference can be drawn. True, appellant did pay the rent by advancing the money, and also furnished the beer at the usual price to retailers. The money thus advanced, and the beer thus sold, were charged to him, and he paid all of it but a small balance.

This is a statutory action, and it is well to look to the statute to determine the character of it, for what and against whom it may be maintained, and for what cause. The statute is as follows: "Every person who shall sell, barter, or give away any intoxicating liquors, in violation of any of the provisions of this act, shall be personally liable * * * to any person who shall sustain any injury or damage to his person or property or means of support on account of the use of such intoxicating liquors, so sold as aforesaid," etc. §7288 Burns 1901. The facts do not disclose any element of a partnership between appellant and Van Blaricum. Neither do they show that the latter was the agent of the former in conducting the business. "Partnership is the relation subsisting between two or more persons who have contracted together to share, as common owners, the profits of a busi-

ness carried on by all or any of them on behalf of all of them." 22 Am. & Eng. Ency. Law (2d ed.), 13. In view of the undisputed facts, this effectually disposes of the question of partnership.

Persons claiming the benefit of a right of action, conferred by statute, must bring themselves within the provisions of the statute to secure such benefit. In this instance the right of action is given to a person who has been injured or damaged in his person or property or means of support, occasioned by the sale of intoxicating liquors, in violation of the provisions of the act which gives the right. It is a violation of the provisions of that act to sell without a license, to sell between 11 o'clock p. m. and 5 o'clock a. m., to sell on Sundays or holidays, and to sell to a person in a state of intoxication. As disclosed by the evidence, Van Blaricum violated three provisions of that statute, viz., he sold without a license, he sold on Sunday, and he sold to a person in a state of intoxication. Who sold appellee's son liquor in violation of the provisions of the statute? Was it appellant or Van Blaricum? Evidently the latter. Unless Van Blaricum was appellant's agent in making the sale, or they were partners in the business, there can be no liability against appellant, for it did not sell to appellee's son, for the statute limits the liability to the person who makes unlawful sales.

It does not require any argument to support the proposition that the sale of beer by appellant to Van Blaricum, who was an unlicensed saloon-keeper, was not a violation of any provision of that act. Legally it had a right to sell its beer to unlicensed saloon-keepers, if it had no right to do so morally.

I am not dealing with the legal question as to the rights of the parties, where a wholesale liquor dealer sells liquors to a retailer, and knows such liquors are to be unlawfully vended. The legal status of the parties to such a transaction has been adjudicated in this State, and correctly

so, and that is that a seller is without remedy to enforce his contract. The relation existing between Van Blaricum and appellant may be simplified by an illustration: Suppose the former had had a license to retail intoxicating liquors when the latter sold him beer at wholesale. Unquestionably, the beer, when thus sold, would have become the property of the vendee. In such case he could have sold to whomsoever and whenever he pleased, and appellant would have been blameless. Suppose he had sold a part of it to appellee's son on a forbidden day, and when he was in a state of intoxication, in violation of law, from the results of which he had died, and thereby deprived appellee of her means of support, appellant, under such circumstances, would not have been liable, and no one could reasonably contend that it would be. It would have been just as much a violation of the law, under these circumstances, to have made the sales, as it was to have made them as he did without a license. The beer he had purchased of appellant prior to the time the sale to appellee's son is charged had been paid for, and was as much his as if he had had a license to sell before he purchased it. The question then resolves itself into the single proposition: Whose beer was it that was sold to appellee's son, and who sold it to him? This inquiry must be answered by declaring that it was Van Blaricum's beer, and was sold by him.

Neither is there a particle of evidence to support the allegation that appellant colluded and connived with Van Blaricum in the sale of its beer, or received any profits from the sale thereof. All it contracted to receive was the wholesale price of its beer at $7.20 per barrel, and it received this, except a small balance remaining unpaid.

There can be no doubt as to the theory of the complaint, as above stated, and the complaint, if good at all against appellant, was good upon the theory that it "colluded and connived with Van Blaricum, and became interested in the

profits and proceeds of said business, and received a part of said profits for its aid and participation in said business." This implies a partnership. The record shows that it was upon this theory the case was tried. The trial court recognized that this was the theory as indicated by one of its instructions in which it told the jury that appellant was not liable unless it "had a pecuniary interest in the profits of such illegal sales and business, or was entitled, under the arrangement between the parties, to share therein."

In their brief counsel for appellees have adopted a new theory, which is foreign to the one upon which the complaint proceeds and upon which the cause was tried. They say: "The relation between Van Blaricum and the appellant was mere associates in the conduct of an unlawful business, and as the appellant furnished the stuff and the room, and paid the rent, and owned the liquors which were placed in the saloon for the purpose and with the intent to be sold in violation of the law, it was the principal and Van Blaricum the helper." It is the settled rule of law that the theory upon which a cause proceeded in the trial court should be the theory upon which the action of that court is tested on appeal. *Louisville, etc., R. Co.* v. *Hughes,* 2 Ind. App. 68; *Cleveland, etc., R. Co.* v. *De Bolt,* 10 Ind. App. 174.

Regardless of the fact that counsel apparently attempted to shift the theory of their complaint (in which case it may well be remarked, it does not state any cause of action against appellant), we will review some of the authorities relied upon to support the judgment. The first case cited in that of *Phillips* v. *State,* 95 Ga. 478, 20 S. E. 270, where the supreme court of Georgia announced as legal proposition that, "where one, by the use of his capital or credits, aids in procuring and furnishing whisky to another for the purpose of being unlawfully sold by the latter, and it is so sold, and the former, by the

agreement for conducting the business, is to receive, and does actually receive, a given per cent. on the costs of all the whisky so furnished and sold, they are both guilty of selling the liquor unlawfully, whether under the terms of such agreement a technical partnership between them existed or not." That case is not in point upon any question here involved, because not pertinent to the facts disclosed by the record. In that case there was an agreement between the parties that they should participate in the profits, and the undisputed facts showed that they did participate. The facts showed there was a partnership in the legal sense of the term. The following cases are cited and relied upon: *White* v. *Buss,* 3 Cush. 448; *Mosher* v. *Griffin,* 51 Ill. 184, 99 Am. Dec. 541; *Tatum* v. *Kelley,* 25 Ark. 210, 94 Am. Dec. 717; *Hill* v. *Spear,* 50 N. H. 253, 9 Am. Rep. 205; Metcalf, Contracts, 260, 261; *Gaylord* v. *Soragen,* 32 Vt. 110, 76 Am. Dec. 154; *Aiken* v. *Blaisdell,* 41 Vt. 655.

As we review these last cited cases, they are not decisive of any question here involved. They simply declare, or rather restate, a familiar and well-grounded rule, that where a party sells goods, wares, etc., which he knows are to be used for unlawful or illegal purposes, courts will not lend their aid to enforce such contracts of sale, but will leave the parties in the position they placed themselves. Under such circumstances they can not invoke the intervention of courts for redress. Thus, where a party who was employed to train a horse for a race upon which money was bet, it was held he could not recover for his services, because it was in aid of an offense prohibited by law. *Mosher* v. *Griffin, supra.* So, where a dealer living in New York sold liquors to a person living in Vermont, to be sold in the latter state contrary to the law of that state, the seller knowing they were to be sold in Vermont, it was held that the vendor could not recover their value. *Gaylord* v. *Soragen, supra.* Where guns were sold to be used in the War of the Rebel-

lion, and a'note given in payment, it was held that the seller could not recover, he knowing the purpose to which they were to be put, because he thus "concurred with and actively promoted the unlawful and treasonable purpose of the defendants." *Tatum* v. *Kelley, supra.* The other cases are of similar purport, and need not be further noticed.

As above suggested, the evidence does not disclose any element of partnership, for it affirmatively appears that appellant sold Van Blaricum its beer, under contract, for which he agreed to pay the regular wholesale price, and which in fact he did pay, all but a small balance. Neither does the evidence show any collusion or connivance between appellant and Van Blaricum in the sales made by the latter. If there was any, it must be inferred from the naked fact that appellant sold Van Blaricum beer at wholesale to be sold at retail, knowing that he did not have a license so to sell. No such inference can be indulged in view of the theory of the complaint and the undisputed facts.

The complaint avers that Van Blaricum was the "proprietor" of the saloon, and that Van Blaricum unlawfully sold liquor to appellee's son, which caused his death. Assuming that Van Blaricum did sell liquor to appellee's son on Sunday, and when he was in a state of intoxication, he was guilty of violating three provisions of the statute: (1) He sold without a license; (2) he sold on a prohibited day; and (3) he sold to a person in a state of intoxication. The last two would have been unlawful if he had had a license. He could have been prosecuted under either one or all of the provisions of the statute thus violated. If he had had a license, and had been prosecuted for selling on Sunday, and to a person in a state of intoxication, it could not, upon any legal hypothesis or well-grounded reason, be contended that appellant could have been successfully prosecuted with him for such violation of the law. In

such case its civil responsibility could be no greater than its criminal liability. And the violation of these two provisions of the liquor law, under the facts shown, was the direct cause of appellee's injury, and the result would have been the same if Van Blaricum had had a license.

Again, suppose Van Blaricum had been indicted and prosecuted for making the sales he did to appellee's son without having first obtained a license. Could appellant have been indicted and successfully prosecuted with him? Evidently not, because Van Blaricum, and not appellant, sold the beer.

It follows that the facts that Van Blaricum had no license, and appellant knew it, can in nowise fix liability against appellant, as it is not shown it made the sale, or profited by its results. This being a special statutory action, and such right of action is given alone against the person "who shall sell," etc., I do not see how the action can be maintained against one who did not sell, and was in no legitimate way connected with it.

If I understand the proposition upon which my associates hold that appellant is liable, it is that expressed in the opinion that "where two or more persons engage in the prosecution of an illegal enterprise, and in violation of law, it is elemental that each one of them becomes responsible for all the consequences resulting therefrom." Concede that proposition to be true, it is not applicable to the facts here, for the reason that it is not shown that appellant engaged with Van Blaricum in the "prosecution of an illegal enterprise." The complaint makes no such charge, except by innuendo, and the evidence, in my judgment, does not support any such charge. The complaint avers that Van Blaricum was the "proprietor" of the saloon, and that Van Blaricum sold the liquor to appellee's son. Appellant and Van Blaricum are so disconnected by the facts from the sale to appellee's son as not to make them joint tort-feasers. I understand the rule to be that

if there is no concert of action or unity of purpose between two or more persons in the commission of a tort, there is no joint liability, but in such event liability attaches to the one committing the tort.

These considerations lead to the conclusion that appellant is not liable, and the judgment should be reversed.